

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.,

          Plaintiff,

   v.

UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

          Defendant.

Civil Action No. _____

APR 2 7 2007

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTORY STATEMENT

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, for declaratory and injunctive relief, seeking the immediate release of agency records improperly withheld from Plaintiff by Defendant United States Department of Housing and Urban Development ("HUD").

2.     Plaintiff submitted a FOIA request to HUD on March 19, 2007, seeking records regarding HUD's management and oversight of the CDBG Disaster Recovery Grant program, and requesting expedited processing. HUD acknowledged receipt of Plaintiff's FOIA request, but did not make a determination regarding Plaintiff's request for expedited processing, and did not notify Plaintiff of any determination regarding such processing. HUD did not disclose any documents in response to Plaintiff's request.

3.     The CDBG Disaster Recovery Grant program is a $16.7 billion Community Development Block Grant program through which Congress allocated funds for necessary

#1190252 v1
099998-00016

expenses related to disaster relief, long-term recovery, and rebuilding expenses in those areas of the Gulf of Mexico affected by Hurricanes Katrina and Rita in 2005.

4.      Plaintiff seeks a judgment declaring that HUD has violated FOIA by refusing to disclose responsive records, and an injunction ordering HUD to provide those records.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii).  Venue is proper in the District Court for the Southern District of New York under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6.      Plaintiff NAACP Legal Defense and Educational Fund, Inc. ("LDF") is a non-profit corporation established under the laws of the State of New York.  LDF was formed to redress injustice caused by racial discrimination and to assist African Americans in securing their constitutional and statutory rights.

7.      LDF routinely uses records requests, including FOIA, to obtain information from federal and state agencies that LDF staff then analyze and utilize to inform the public about important matters regarding civil rights and equal opportunity for African Americans.  LDF staff regularly provide testimony on such matters to governmental and other decision-making entities. LDF publishes, regularly and to a broad public, originally authored reports, essays, editorials, news briefs, "Know Your Rights" pamphlets, and other publications on a range of important civil rights matters.  LDF also accomplishes its public education and advocacy objectives through electronic newsletters that are distributed to thousands of subscribers by email, and through its heavily trafficked website, <www.naacpldf.org>.  Indeed, LDF's website receives several

#1190252 v1
099998-00016

thousand unique visits per day; visitors to LDF's website initiate more than 60,000 downloads, of more than 700 distinct documents, each month.

8.    A particular focus of LDF's public education efforts since August 2005 has been protecting the civil rights of individuals affected by Hurricanes Katrina and Rita. These efforts have addressed civil rights issues that have arisen since the hurricanes in areas such as education, housing, and voting rights, and have included such activities as participation in conferences, print and broadcast media interviews, the creation and staffing of Voter Empowerment Centers in Louisiana and other states, and the production and distribution of electronic and print publications.

9.    Defendant HUD is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). HUD has possession or control of records that Plaintiff seeks in this action.

## STATEMENT OF FACTS

### I.    The CDBG Disaster Recovery Grant Program.

10.    The CDBG Disaster Recovery Grant program was funded through two appropriations statutes (the "Appropriations Acts") that were passed in the months after Hurricanes Katrina and Rita. *See* Pub. L. No. 109-148, 119 Stat. 2680, 2779-81 (Dec. 30, 2005) (appropriating $11.5 billion to the five affected states – Louisiana, Mississippi, Texas, Florida, and Alabama – for CDBG Disaster Recovery Grants); Pub. L. No. 109-234, 120 Stat. 418, 472-73 (June 15, 2006) (appropriating an additional $5.2 billion to the five affected states).

11.    Of the $16.7 billion total appropriation, the state of Louisiana received $10.41 billion, and the state of Mississippi received approximately $5.48 billion. *See* 71 Fed. Reg. 7666, 7666 (Feb. 13, 2006); 71 Fed. Reg. 63,337, 63,338 (Oct. 30, 2006).

#1190252 v1
099998-00016

12.    The Appropriations Acts adopt the general framework that governs the regular Community Development Block Grant ("CDBG") program, but also authorize HUD, upon request from a state, to waive many CDBG program requirements – except for those relating to fair housing, nondiscrimination, labor standards, and the environment. *See* 119 Stat. at 2780; 120 Stat. at 472-73.

13.    The Acts require each state to submit an action plan in advance of the receipt of grant funds that details the state's intended uses of those funds, and to submit a quarterly report to the Senate and House Committees on Appropriations reporting on all awards and uses of funds. *See* 119 Stat. at 2780; 120 Stat. at 473.

14.    HUD has by regulation required grantees to meet public participation, reporting, and oversight requirements as well as to certify that they are in compliance with civil rights and other mandates. *See* 71 Fed. Reg. 7666 (Feb. 13, 2006); 71 Fed. Reg. 63,337 (Oct. 30, 2006).

## II.    LDF's FOIA Request.

15.    Plaintiff submitted a FOIA request to HUD on March 19, 2007, by overnight mail. Plaintiff's request sought certain records concerning HUD's administration of the CDBG Disaster Recovery Grant program as to the states of Louisiana and Mississippi. The requested records included records relating to grantee requests for program waivers, HUD's determinations as to whether and why program waivers should be granted, mandatory certifications and reports from grantees, data regarding the race and income level of applicants for Disaster Recovery Grant funds, studies regarding program administration, and communications with Congress.

16.    LDF's FOIA request sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 24 C.F.R. § 15.105(b). LDF is entitled to expedited processing because LDF is an organization primarily engaged in disseminating information, and because there is an

#1190252 v1
099998-00016

urgency to inform the public concerning federal government activity. 5 U.S.C. § 552 (a)(6)(E)(v).

17.    LDF's FOIA request also sought a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 24 C.F.R. § 15.110(h). LDF is entitled to a fee waiver because disclosure of the requested information is likely to contribute significantly to public understanding of HUD's operations and activities, and because the records are not sought for LDF's commercial interest.

18.    HUD responded by letter dated March 22, 2007, stating that LDF's FOIA request was received on March 21. The letter did not, however, respond to LDF's requests for expedited processing and a waiver of fees. The letter also did not include any statement describing or identifying records HUD would or would not release, nor did it include any statement of reasons for withholding any of the requested records.

19.    As of the date of filing of this Complaint, LDF has not received any determination from HUD regarding LDF's requests for expedited processing and a waiver of fees. LDF has not received any of the requested records, any description of responsive records, or any statement explaining that responsive records are being withheld.

20.    In response to a request for expedited processing, an agency must make a determination of whether to provide expedited processing, and must give notice of that determination to the person making the request, within ten days after the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii)(I). More than ten days have elapsed since Plaintiff requested expedited processing.

5

## CLAIMS FOR RELIEF

<u>COUNT ONE</u>: HUD'S FAILURE TO EXPEDITE LDF'S REQUEST
VIOLATES THE FREEDOM OF INFORMATION ACT.

21.     Plaintiff properly requested records from HUD.

22.     Plaintiff has a statutory right to expedited processing, and there is no legal basis for HUD's failure to respond to Plaintiff's request in a timely manner.

23.     Defendant's failure to grant expedited processing violates FOIA. *See* 5 U.S.C. § 552(a)(6)(E).

<u>COUNT TWO</u>: HUD'S FAILURE TO PROVIDE RESPONSIVE RECORDS
VIOLATES THE FREEDOM OF INFORMATION ACT.

24.     Plaintiff has a statutory right to the records it seeks, and there is no legal basis for the Defendant's failure to disclose them.

25.     Defendant's failure to release all records responsive to Plaintiff's request violates FOIA. *See* 5 U.S.C. §§ 552(a)(3)(A); 552(a)(6)(E).

26.     Plaintiff is entitled to receive all requested records immediately and at no cost.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment providing for the following relief:

a)  Declare that Defendant has violated FOIA by failing to expedite processing of Plaintiff's request;

b)  Declare that Defendant has violated FOIA by failing to provide all records responsive to Plaintiff's request;

c)  Order Defendant to make all requested records available to Plaintiff at no cost;

#1190252 v1
099998-00016

d) Award Plaintiff its reasonable attorney fees and other litigation costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e) Grant such other relief as the Court may deem just and proper.

Dated: April 27, 2007                     Respectfully submitted,
New York, NY


                                          Theodore M. Shaw, Director-Counsel


                                          Matthew Colangelo (MC-1746)
                                          Robert H. Stroup
                                          Damon Hewitt
                                          NAACP LEGAL DEFENSE AND
                                            EDUCATIONAL FUND, INC.
                                          99 Hudson Street, 16th Floor
                                          New York, New York 10013
                                          (212) 965-2200

                                          Lawrence S. Lustberg (LL-1644)
                                          Melanca D. Clark (MC-0908)
                                          GIBBONS, P.C.
                                          One Gateway Center
                                          Newark, New Jersey 07102-5310
                                          (973) 596-4500


                                          Attorneys for Plaintiff

#1190252 v1
099998-00016