UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

Defendant.

Civil Action No. 07CV3378

## DECLARATION OF MATTHEW COLANGELO

Matthew Colangelo, pursuant to penalty of perjury under 28 U.S.C. § 1746, does hereby state the following:

1. I am an attorney with the NAACP Legal Defense & Educational Fund, Inc. ("LDF"), and I am counsel for the Plaintiff in the above-captioned matter.

2. On behalf of LDF, I submitted a request pursuant to the Freedom of Information Act ("FOIA") to the United States Department of Housing and Urban Development ("HUD") on March 19, 2007. A copy of that request is attached hereto as Exhibit 1.

3. The FOIA request included a request for expedited processing pursuant to FOIA and agency regulations. The FOIA request also included a request for a waiver of fees as provided by FOIA and agency regulations.

4. HUD responded by letter dated March 22, 2007, stating that LDF's FOIA request was received on March 21. *See* Letter from Cynthia O'Connor, Executive Secretary, HUD, to Matthew Colangelo, Assistant Counsel, NAACP Legal Defense & Educational Fund (Mar. 22, 2007). A copy of that letter is attached hereto as Exhibit 2.

5. The March 22 letter does not include any determination of or reference to the request for expedited processing, either approving or denying that request. The letter does refer to HUD's normal practice of processing records requests on a "first-in/first-out" basis.

6. On March 28, 2007, I contacted by telephone the "HUD FOIA Specialist," Katherine Spence, who was identified in the March 22 letter as the Specialist assigned to process LDF's FOIA request. I asked Ms. Spence whether the reference in the March 22 letter to "first-in/first-out" processing was intended as an implicit denial of LDF's request for expedited processing, and requested that if so, a denial of that request be issued in writing.

7. Ms. Spence responded that the March 22 letter was a routine response letter that HUD uses to indicate receipt of a request, that it was not intended as a determination of LDF's request for expedited processing, and that HUD would respond shortly in writing.

8. I next heard from Ms. Spence by voicemail message on March 30, 2007. Ms. Spence stated that HUD was "working on" a fee waiver and fee agreement, that she was waiting to speak with a HUD attorney regarding the request for a fee waiver, and that HUD would inform me in writing regarding a decision on the fee waiver. Ms. Spence's voicemail message did not reference LDF's request for expedited processing.

9. I have not received any further communications from Ms. Spence or anyone else at HUD, either in writing or otherwise. LDF has not received any determination from HUD regarding LDF's request for expedited processing.

10. Per Local Civil Rule 6.1(d), I state that no prior request for the same or similar relief has been made.

Dated: April 27, 2007
New York, NY

_____
MATTHEW COLANGELO