# Exhibit 6



U.S. Department of Housing and Urban Development

# Office of Inspector General

451 7th St., S.W.

Washington, D.C. 20410-4500        Tel No. 202-708-1613
FAX 202-401-3778

June 20, 2007

Melanca D. Clark, Esquire
Gibbons P.C.
One Gateway Center
Newark, N.J. 07120-5310

Dear Ms. Clark:

Our Freedom of Information Office (FOIA) received your letter dated June 11, 2007 on Monday, June 18. In your letter you ask that we direct any future correspondence regarding your client's FOIA request to you. This response is from the Office of Legal Counsel to the Inspector General, which oversees the FOIA Office.

One concern raised by your letter is your acknowledgement that you are "aware that OIG has its own process for addressing FOIA requests," yet your client did not send the request directly to our office. You are claiming that we were untimely in our response. I assure you, the FOIA Office was timely after receiving your client's request for the records. Your client cannot start the clock on our response by purposefully sending the FOIA request to the wrong address.

Your client requested, "All records relating to any studies conducted by the HUD Office of the Inspector General regarding HUD's administration of, or any state grantee's administration of, the CDBG Disaster Recovery Grant program." The OIG does audits and criminal investigations, not "studies." [1] We searched for all responsive audits and investigations and provided you with four audits. We did not charge you any costs associated with that response. When you complained that you wanted all the records associated with these "studies," we began collecting the work papers. You now indicate in your letter at page 4, second paragraph, that, "[w]e do not seek that underlying documentation." Accordingly, we have stopped processing the work papers.

You attempt to recharacterize "studies" to include "on-going examinations, analyses, investigations, or other reviews of the administration by HUD, Louisiana, and Mississippi of the CDBG Disaster Recovery Grant program." Your client requested records relating to "studies conducted by" the OIG. The word "conducted" clearly indicates that the request concerned completed "studies." We are currently conducting a number of audits, but they are not yet complete.

---

[1] We do have an Inspection and Evaluations Division that may do "reviews" of programs, but when we asked that Division for responsive records, we were informed that they had none.

As a practical point, to provide your client with every document created during the audit process while the audit is still on-going would be incredibly burdensome and totally enmesh your client in our deliberative process. We will not do that. If your client wishes to request these documents, he may do so, and we will process it accordingly; but we will likely assert an exemption under (b)(5).

On a positive note, based on your letter, we went back to our offices and asked if they had any analyses or reviews that would be responsive to your client's request. The Office of Investigations, Disaster Relief Oversight Division, responded with an analysis it conducted of the state action plans. The Office of Audit, Disaster Oversight and Liaison Division, responded with similar documents. They are internal documents. We will process them and expect to send out a response next week.

We have reconsidered your request for a fee waiver and have decided to reduce your client's fees as follows: Your client will not be charged fees for responses related to "studies" of HUD's administration of the CDBG Disaster Recovery Grant program. Your client will be treated as an "all other requester" pursuant to the OIG's regulations for responses related to "studies" of a state's administration of the CDBG Disaster Recovery Grant program. The statute allows a fee waiver if the documents concern the operations or activities of the Federal government, not a state government. 5 U.S.C. § 552(a)(4)(iii).

Your request for expedited review is moot.

We believe the solution to the current situation is to accept your last paragraph on page 3 as a new FOIA request.[2] We will assume you are requesting expedited processing and a waiver of fees. If that solution is acceptable to you, we will log your letter in as a new FOIA request on the date you agree to this solution and process it accordingly.

Sincerely,

Richard Johnson
Deputy Counsel to the Inspector General

---

[2] That paragraph reads, "we reiterate our request for all responsive records as they concern any and all studies – including not only audits but any other studies, examinations, analyses, investigation, or other reviews, whether completed or ongoing – by OIG of the administration of the Disaster Recovery Grant program. We seek records regarding Disaster Recovery Grant administration by HUD, the state of Louisiana, and the state of Mississippi." You also request a *Vaugh* index for those records we believe are exempt. Records are defined in your client's first request.