```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NAACP LEGAL DEFENSE AND                         :
EDUCATIONAL FUND, INC.,                         :
                                                :
                Plaintiff,                      :     07 Civ. 3378 (GEL)
                                                :
        v.                                      :
                                                :     ECF CASE
UNITED STATES DEPARTMENT OF                     :
HOUSING AND URBAN DEVELOPMENT,                  :
                                                :
                Defendant.                      :
------------------------------------------------------------ x
```

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

> MICHAEL J. GARCIA
> United States Attorney for the
> Southern District of New York
> 86 Chambers Street, 3rd Floor
> New York, New York  10007
> Telephone: (212) 637-2758
> Fax: (212) 637-2702

LARA K. ESHKENAZI
Assistant United States Attorney
    – Of Counsel–

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.     THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DISMISS PLAINTIFF'S CLAIMS AGAINST OIG
BECAUSE PLAINTIFF FAILED TO EXHAUST ITS ADMINISTRATIVE
REMEDIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.    OIG HAS FULLY RESPONDED TO THE OIG REQUEST AND HAS PROPERLY
WITHHELD INFORMATION PURSUANT TO APPLICABLE FOIA
EXEMPTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      A.    FOIA and Summary Judgment Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      B.    OIG Properly Withheld Information Pursuant To the Deliberative-Process
           Privilege Encompassed by FOIA Exemption 5 . . . . . . . . . . . . . . . . . . . . . . . 12

      C.    OIG Conducted an Adequate Search for Responsive Records  . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## PRELIMINARY STATEMENT

Defendant United States Department of Housing and Urban Development ("HUD" or the "Government"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in opposition to plaintiff's motion for partial summary judgment, seeking release of selected documents under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and in support of the Government's cross-motion for partial summary judgment.

Plaintiff, NAACP Legal Defense and Educational Fund, Inc. ("LDF" or "plaintiff"), seeks the release under FOIA of certain records relating to HUD's administration of the Community Development Block Grant Disaster Recovery Grant Program ("CDBG Program") with respect to Hurricanes Katrina and Rita (the "FOIA request"). A portion of the FOIA request concerns records related to any "studies" conducted by the HUD Office of the Inspector General ("OIG") with respect to HUD's administration of the CDBG Program (the "OIG request"). Pursuant to a Stipulation and Order dated May 10, 2007 (the "Stipulation"), HUD and LDF agreed to a schedule regarding HUD's response to the FOIA request. Because OIG is subject to its own FOIA regulations, separate and apart from the regulations governing requests for records from any other component of HUD, the parties further agreed that HUD would transfer the OIG request to OIG, and that HUD would not provide any responsive documents with respect to that portion of the FOIA request.

Due to plaintiff's failure to follow OIG's regulations regarding the appropriate address for FOIA requests related to OIG records, OIG did not receive the OIG request until April 11, 2007. Nevertheless, OIG timely responded to the OIG request on April 30, 2007. After additional correspondence with plaintiff in which plaintiff clarified the scope of its request, OIG provided

additional responsive documents on June 29, 2007, and informed plaintiff of its right to seek administrative review of OIG's decision to withhold any records in whole or in part based on various FIOA exemptions.  Once again, plaintiff deviated from OIG's regulations by not seeking administrative review of OIG's response, and instead filed the current motion before the Court.  Specifically, plaintiff challenges OIG's decision to redact and withhold certain audit-related records containing pre-decisional and deliberative material pursuant to 5 U.S.C. § 552(b)(5) ("FOIA Exemption 5").[1]

      The Court should deny plaintiff's motion for summary judgment because LDF failed to exhaust its administrative remedies as required by OIG's regulations.  See infra at 5-10.  Should the Court choose to reach the merits of LDF's motion, the Court should deny plaintiff's motion and grant the Government's cross-motion because OIG conducted an adequate search for responsive records, and  properly withheld information that was both pre-decisional and deliberative pursuant to FOIA Exemption 5.  See infra at 10-17.

---

[1] Plaintiff's motion also disputes the withholding of certain "investigative-related" records.  In preparing to respond to this motion, however, OIG determined that it could release all of the investigative documents previously withheld pursuant to FOIA Exemption 5. Accordingly, the United States Attorney's Office, on behalf of OIG, is forwarding the newly-released documents to LDF, and plaintiff's arguments regarding these records are now moot.  As indicated by OIG's decision to release additional information, had LDF exhausted its administrative remedies, some of the issues raised by plaintiff would have been resolved prior to the filing of its motion.  See Declaration of J. Bryan Howell, dated August 16, 2007 ("Howell Decl."), ¶¶ 8, 20.  OIG also withheld some information pursuant to 5 U.S.C. §§ 552(b)(6) and (7), but because LDF is not challenging those claimed exemptions, OIG will not discuss them here.  See Pl's Mem. at 11 n.5.

## BACKGROUND[2]

LDF sought documents relating to HUD's administration of the CDBG Program with respect to Hurricanes Katrina and Rita through a FOIA request dated March 19, 2007, addressed to HUD's FOIA Division.  Declaration of Darlene Hall ("Hall Decl."), dated August 15, 2007, Exh. A.  LDF requested both expedited processing and a fee waiver for the FOIA request.  Id.  Paragraph number 3 of the FOIA request sought "[a]ll records relating to any studies conducted by the HUD Office of the Inspector General regarding HUD's administration of, or any state grantee's administration of, the CDBG Disaster Recovery Grant Program."  Id.  OIG is "an independent agency that operates separately and distinctly from HUD."  Howell Decl. ¶ 3.  As part of its mission, OIG conducts independent and objective audits and investigations for the purpose of evaluating the efficiency and effectiveness of HUD programs and operations.  Id.  With respect to Hurricanes Katrina and Rita, OIG has been involved in audit and investigation-related activities concerning HUD's administration of the supplemental appropriations designated for the recovery process.  Id. ¶ 5.

On April 27, 2007, LDF commenced the current action by filing an Order to Show Cause claiming that HUD had failed to respond to its FOIA request.  On May 10, 2007, the parties entered into a Stipulation and Order in which HUD agreed to respond to the FOIA request on a

---

[2] The Government is not submitting a Statement pursuant to Local Civil Rule 56.1, or responding to plaintiff's 56.1 Statement, in accordance with the general practice in this Circuit. See Ferguson v. FBI, No. 89 Civ. 5071 (RPP), 1995 WL 329307, at *2 (S.D.N.Y. June 1, 1995) (in FOIA actions, a requirement to submit a statement under former Local Rule 3(g) would be "meaningless," because "the general rule in this Circuit is that in FOIA actions, agency affidavits alone will support a grant of summary judgment") (citing Carney v. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994)).  If the Court nevertheless directs the Government to submit such a Statement, we will do so promptly.

rolling basis by certain deadlines (the "Stipulation"). Pursuant to the Stipulation, the parties further agreed that HUD would forward the OIG request to OIG[3] and that HUD would "not provide any responsive documents" to that portion of the request.

On April 30, 2007, OIG responded to the OIG request. Hall Decl., Exh. B. Specifically, OIG provided four responsive audit reports. Id. LDF, through a letter to the U.S. Attorney's Office dated May 21, 2007, challenged OIG's response as being too narrow because it did not include records related to "ongoing . . . monitoring and oversight" of the CDBG program. Hall Decl., Exh. C.[4] In response, by letter dated May 31, 2007, OIG offered to provide the "working papers" associated with the Katrina-related audit provided to LDF in response to the FOIA request. Hall Decl., Exh. D. OIG also enclosed an index to all of the working papers associated with the audit and requested that LDF narrow the scope of its request. Id. Finally, OIG denied LDF's request for a fee waiver and expedited processing. Id.

By letter dated June 11, 2007, LDF clarified that it was not seeking the "working papers" related to the audits, but rather additional documents related to "extensive onsite monitoring and oversight of state grantees" of the CDBG program. Hall Decl., Exh. E. LDF further claimed that OIG should interpret its initial request for OIG "studies" as including "examinations, analyses,

---

[3] Indeed, the OIG request had already been forwarded to OIG on April 11, 2007, prior to the commencement of this action. Hall Decl. ¶ 3.

[4] LDF's letter and the subsequent correspondence described in this section also addressed other issues related to OIG's interpretation of the scope of LDF's FOIA request. Specifically, LDF believes that its initial request for studies "conducted" by OIG necessary included ongoing studies. OIG disagrees with this interpretation, and has instead agreed to process LDF's request for ongoing studies as a new FOIA request. Because LDF does not at this time challenge that decision, the Government will not address the portions of the correspondence between OIG and LDF regarding the scope of the FOIA request.

investigations, or other reviews" concerning CDBG program administration by HUD, the state of Louisiana, and the state of Mississippi. Id. In response, OIG located and processed additional documents related to "analyses or reviews" of the administration if the CDBG program and provided them to LDF on June 29, 2007. Id., Exh. F. Specifically, after determining that a portion of the located records was exempt from disclosure pursuant to various FOIA Exemptions, OIG released redacted versions of 88 out of 133 pages of "audit-related" records, and 42 out of 50 pages of "investigative-related" records. Id.

Despite OIG's timely response to the FOIA request, rather than seek administrative review of OIG's decision to withhold certain documents in whole or in part pursuant to OIG's FOIA regulations, see 24 C.F.R. § 2002.25(a), LDF filed the current motion before the Court.

## ARGUMENT

### I. THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISS PLAINTIFF'S CLAIMS AGAINST OIG BECAUSE PLAINTIFF FAILED TO EXHAUST ITS ADMINISTRATIVE REMEDIES

As an initial matter, with respect to the OIG request that is the subject of plaintiff's motion, LDF failed to exhaust its administrative remedies as required under FOIA. While this Court has held that the exhaustion requirements are not jurisdictional, see Megibow v. Clerk of the U.S. Tax Court, No. 04 Civ. 3321 (GEL), 2004 WL 1961591, at *3 (S.D.N.Y. Aug. 31, 2004), there is no question that "FOIA requires the exhaustion of administrative remedies as a precondition to suit," id. (citing Hildago v. F.B.I., 344 F.3d 1256, 1259 (D.C. Cir. 2003)).[5]

---

[5] Megibow involved a unique set of circumstances not present here – mainly, a FOIA request for documents from the United States Tax Court. Because the Tax Court was not an "agency" subject to FOIA and, therefore, did not promulgate any regulations governing FOIA requests and addressing exhaustion requirements, the Court could not dismiss the claim for

(continued...)

See also Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990) ("Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.").

A FOIA request must (1) "reasonably" describe the records sought, and (2) be "made in accordance with published rules stating the time, place, fees (if any) and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A). "Omitting one of the two threshold requirements for a proper FOIA request – that it abide by procedural guidelines – warrants dismissal." Lowe v. Drug Enforcement Admin., Civ. No. 06-1133 (CKK), 2007 WL 2104309, at *5 (D.D.C. July 22, 2007) (citing Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995) (failure to address FOIA request to appropriate office within the Internal Revenue Service warranted dismissal for failure to exhaust administrative remedies); Thorn v. Soc. Security Admin., Civ. No. 04-1282, 2005 U.S. Dist. LEXIS 11895, at *9 (D.D.C. June 11, 2005) (" [a] FOIA request sent to the wrong office is subject to dismissal for the requester's failure to exhaust administrative remedies"); Church of Scientology of Cal. v. IRS, 792 F.2d 146, 150 (D.C. Cir. 1986) (holding that a regulation directing a requester to mail his request to a specific address was an enforceable requirement)).

The regulations governing FOIA requests for OIG records provide specific instructions regarding OIG's procedures. OIG's regulations direct FOIA requesters to send written requests for records to "The Office of Inspector General, Department of Housing and Urban

---

[5](...continued)
failure to exhaust administrative remedies. 2004 WL 1961591, at *3. The Court did, however, dismiss the complaint for failure to state a claim under FOIA. Id. at *6.

Development, 451 Seventh Street, SW, Room 8260, Washington, DC 20410." 24 C.F.R. § 2002.3(b). The regulations further provide that "[t]he time of receipt for processing a request for records is the time it is received by the appropriate office for review." 24 C.F.R. § 2002.17(b). Despite OIG's regulations, plaintiff addressed its OIG request to HUD's "Office of Administration, Office of the Executive Secretariat, FOIA Division," which is located in the same building as OIG, but in a different room. See Hall Decl., Exh. A. Because plaintiff improperly sent its OIG request to HUD headquarters rather than to the OIG address provided in the regulations, OIG did not receive the request until April 11, 2007. See Hall Decl. ¶ 3, Exh. A.

Consistent with FOIA's requirement that agencies respond to requests within 20 business days "after the receipt" of a request, see 5 U.S.C. § 552(a)(6)(A)(i), and its own regulations, see 24 C.F.R. § 2002.17(c), OIG responded to the request on April 30, 2007. Hall Decl., Exh. B. See also Lowe, 2007 WL 2104309, at *6 (finding that relevant date for purposes of constructive exhaustion was the date the appropriate component of the agency actually received the request). After receiving a letter from plaintiff dated June 11, 2007, clarifying its initial FOIA request, OIG located and provided additional records to plaintiff on June 29, 2007 (again within 20 business days of the June 11, 2007 letter) with a cover letter explaining its decision to withhold certain records pursuant to applicable FOIA exemptions. Hall Decl., Exh. F. The letter explained that pursuant to OIG's FOIA regulations, plaintiff had 30 days from June 29, 2007 to seek administrative review of OIG's decision to withhold certain documents in whole or in part. See id.; 24 C.F.R. § 2002.25(a). Plaintiff, having already filed the complaint before this court on April 27, 2007, never sought administrative review regarding OIG's response to its FOIA request. Hall Decl. ¶ 9.

7

As an initial matter, LDF's decision to send the OIG request to the wrong address alone constitutes a failure to exhaust its administrative remedies. See West v. Jackson, 448 F. Supp. 2d 207, at 211-12 (D.D.C. 2006) (finding that requester failed to exhaust his administrative remedies when he sent his FOIA request to the Director of HUD rather than to the address specified in HUD's regulations governing FOIA requests); Kessler, 899 F. Supp. at 645.

Moreover, even if the Court were to excuse LDF's failure to follow OIG's regulations specifying where the request must be addressed because HUD did forward the OIG request to the appropriate office, the Court should deny relief to LDF because LDF failed to meet its obligation to seek administrative review of OIG's response prior to filing a lawsuit. See Hall Decl., ¶ 9 (LDF failed to exhaust its administrative remedies by not filing an administrative review of OIG's decision to withhold certain information); see also Lowe, 2007 WL 2104309, at *6 (finding that agency's timely FOIA response triggered requester's obligation to seek administrative review prior to filing suit in district court). "Courts have consistently held that FOIA requires completion of [the agency's] appeals process before an individual may seek judicial relief." Hogan v. Huff, No. 00 Civ. 6753 (VM), 2002 WL 1359722, at *4 (S.D.N.Y. June 21, 2002) (citing Dettman v. U.S. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Stebbins v. Nationwide Mut. Ins. Co., 757 F.2d 364 (D.C. Cir. 1985)). The failure of plaintiff to exhaust its administrative remedies warrants summary judgment in favor of the Government. See Dettman, 802 F.2d at 1477 (affirming the district court's decision granting defendant's motion for summary judgment based on FOIA requester's failure to exhaust her administrative remedies).

Although plaintiff concedes that OIG "has its own staff to process FOIA requests,

separate from [HUD's] FOIA Office," and that OIG did not receive the request until April 11, 2007, plaintiff suggests that it properly exhausted its administrative remedies because OIG did not respond to plaintiff's request for expedited processing within ten days pursuant to 5 U.S.C. § 552(a)(6)(E). See Plaintiff's Memorandum of Law Supporting its Motion for Partial Summary Judgment (Pl's Mem."), at 4, 6-7. Plaintiff is incorrect. As the D.C. Circuit Court has held, an agency's constructive denial of a request for expedited processing does not constitute administrative exhaustion for purposes of a substantive challenge to the agency's response to the FOIA request. Judicial Watch, Inc. v. U.S. Naval Observatory, 160 F. Supp. 2d 111, 112-13 (D.C. Cir. 2001). The procedural facts of Judicial Watch are strikingly similar to the case at bar. Specifically, in that case, the FOIA requester filed an action in district court challenging the agency's failure to respond to her request for expedited processing within ten days, and the agency's failure to disclose responsive records. Judicial Watch, 160 F. Supp. 2d. at 112. After the lawsuit was filed, but within twenty days of the submission of the request, the agency substantively responded to the FOIA request. Id. The Court held that the agency's "failure to timely respond to the request for expedited processing is not equivalent to constructive exhaustion of administrative remedies as to the request for documents[,]" and, because the time to file an administrative appeal had expired, the court dismissed the case for lack of jurisdiction. Id. at 113 (citing Ogelsby, 920 F.2d at 65 (D.C. Cir. 1990) ("[F]oregoing an administrative appeal will preclude the requester from ever bringing suit on that request because the individual will not have exhausted his administrative remedies."))._6_

---

[6] The only case plaintiff cites in support of its position that it constructively exhausted its administrative remedies because plaintiff filed its complaint more than ten days after OIG
(continued...)

9

Here, plaintiff failed to administratively appeal OIG's response to its request, and the 30-day time frame for doing so has passed. Thus, by failing to file an administrative appeal, LDF has forfeited its right to seek review of OIG's response to plaintiff's OIG request in this Court. See Judicial Watch, 160 F. Supp. 2d at 112; Ogelsby, 920 F.2d at 65. Accordingly, the court should deny plaintiff's motion for partial summary judgment and dismiss the complaint because plaintiff failed to exhaust its administrative remedies with respect to the OIG request.[7]

## II.  OIG HAS FULLY RESPONDED TO THE OIG REQUEST AND HAS PROPERLY WITHHELD INFORMATION PURSUANT TO APPLICABLE FOIA EXEMPTIONS

Even in if the Court does not deny plaintiff's motion due to LDF's failure to exhaust its administrative remedies, the Court should deny plaintiff's motion and grant OIG's cross-motion because OIG has fully responded to the OIG request and has properly determined that all responsive documents that his has withheld in whole or in part are exempt from disclosure pursuant to FOIA Exemption 5.

---

[6](...continued)
received the request for expedited processing is Ruotolo v. Dep't of Justice Tax Div., 53 F.3d 4, 8-9 (2d Cir. 1995). That case is inapposite as it did not involve the failure of an agency to respond to a request for expedited processing. See id. In Ruotolo, the court found that plaintiffs exhausted their administrative remedies because the agency had failed to respond to the FOIA request -- not a request for expedited processing -- within the statutory deadline of ten days. Id. The decision in Ruotolo, however, preceded Congresses enactment of Electronic Freedom of Information Act Amendments of 1996, which extended the deadline for agencies to respond to FOIA requests from ten days to twenty days. See 5 U.S.C. § 552(a)(6)(A)(i).

[7] The exhaustion issue regarding LDF's OIG request may arise again in this litigation as plaintiff has indicated that the parties "continue to discuss a number of topics concerning the procession of LDF's request to OIG . . . and [p]laintiff does not here bring every unresolved issue to the Court." Pl's Mem. at 5. Plaintiff's apparent attempt to reserve a purported right to piecemeal litigation of its disputes with OIG illustrates the practical wisdom of the legal requirement that plaintiff exhaust its administrative remedies concerning all aspects of the OIG request before seeking relief in this Court.

A.     **FOIA and Summary Judgment Standards**

In an effort to "ensure an informed citizenry, . . . needed to check against corruption and to hold the governors accountable to the governed," NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978), FOIA requires each federal agency to make available to the public a wide array of information, and sets forth procedures by which requesters may obtain such information, see 5 U.S.C. § 552(a). In enacting FOIA, however, Congress recognized that public disclosure is not always in the public interest. Rather, "FOIA represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." Ctr. for Nat'l Sec. Studies v. DOJ, 331 F.3d 918, 925 (D.C. Cir. 2003) (citing John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989)). To ensure such a balance, FOIA exempts nine categories of information from disclosure, while providing that "[a]ny reasonably segregable portion of a record shall be provided . . . after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). Although courts have given these exemptions a "narrow compass," Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) (citation and internal quotation marks omitted); see also Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999), FOIA exemptions are nonetheless "intended to have meaningful reach and application." John Doe Agency, 493 U.S. at 152.

Summary judgment pursuant to Fed. R. Civ. P. 56 is the procedural vehicle by which most FOIA actions are resolved. See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified."). Summary judgment is warranted if the Government shows (a) "its search was adequate" and (b) "any withheld documents fall within an

exemption to the FOIA." See Carney, 19 F.3d at 812. "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." Id. (footnote omitted); see also Halpern v. FBI, 181 F.3d 279, 291 (2d Cir. 1999) (same) (citation, alterations, and internal quotation marks omitted). Although this Court reviews the agency's determination that requested information falls within a FOIA exemption de novo, see 5 U.S.C. § 552(a)(4)(B); Halpern, 181 F.3d at 287, the declarations submitted by the agency in support of its determination are "accorded a presumption of good faith," Carney, 19 F.3d at 812 (citation and internal quotation marks omitted).

**B.  OIG Properly Withheld Information Pursuant To the Deliberative-Process Privilege Encompassed by FOIA Exemption 5**

FOIA Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 incorporates the privileges available to an agency in civil litigation, including the deliberative process, attorney-client, and work-product privileges. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975); Hopkins v. HUD, 929 F.2d 81, 84 (2d Cir. 1991); see also Renegotiation Bd. v. Grumman Aircraft Eng'g Corp., 421 U.S. 168, 184 (1975); Tigue v. DOJ, 312 F.3d 70, 76 (2d Cir. 2002).

Documents covered by the deliberative process privilege include those "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Sears, 421 U.S. at 150 (internal quotation marks and citations omitted). As the Supreme Court has explained:

12

> The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.

Klamath, 532 U.S. at 8-9 (internal quotation marks and citations omitted). See also EPA v. Mink, 410 U.S. 73, 87 (1973) (abrogated by statute on other grounds, Pub. Law No. 93-503, 88 Stat. 1561 (1974) ("[E]fficiency of Government would be greatly hampered if, with respect to legal and policy matters, all Government agencies were prematurely forced to 'operate in a fishbowl.'" ).

Under FOIA, an agency record must satisfy three conditions to qualify for the deliberative process privilege. It must be "inter-agency or intra-agency," 5 U.S.C. § 552(b)(5), that is, "its source must be a Government agency," Klamath, 532 U.S. at 8; and it "must be both 'predecisional' and 'deliberative.'" Grand Cent. P'ship, 166 F.3d at 482 (citations omitted). See also Hopkins, 929 F.2d at 84; Local 3, Int'l Bhd. of Elec. Workers v. NLRB, 845 F.2d 1177, 1180 (2d Cir. 1988). A record is "predecisional" when it is "prepared in order to assist an agency decisionmaker in arriving at his decision . . . ." Renegotiation Bd., 421 U.S. at 184 (cited in Grand Cent. P'ship, 166 F.3d at 482); see also Schell v. United States Dep't of Health & Human Servs., 843 F.2d 933, 940 (6th Cir. 1988) ("A document is predecisional when it is 'received by the decisionmaker on the subject of the decision prior to the time the decision is made.'") (citation omitted). "To establish that a document is predecisional, the agency need not point to an agency final decision, but merely establish what deliberative process is involved, and the role that the documents at issue played in that process." Judicial Watch v. Exp.-Imp. Bank, 108 F.

13

Supp. 2d 19, 35 (D.D.C. 2000) (citing Formaldehyde Inst. v. Dep't of Health & Human Servs., 889 F.2d 1118, 1123 (D.C. Cir. 1989)). A record is "deliberative" when "it reflects the give-and-take of the consultative process." Wolfe v. Dep't of Health & Human Servs., 839 F. 2d 768, 774 (D.C. Cir. 1988) (citation and internal quotation marks omitted) (en banc).

    As set forth in the declarations accompanying this motion, OIG determined that certain withheld documents (or portions of documents) are both pre-decisional and deliberative. The Court should accord "considerable deference to the [agency's] judgment as to what constitutes . . . 'part of the agency give-and-take – of the deliberative process – by which the decision itself is made.'" Chem. Mfrs. Ass'n v. Consumer Prod. Safety Comm'n, 600 F. Supp. 114, 118 (D.D.C. 1984) (quoting Vaughn v. Rosen, 523 F.2d 1136, 1144 (D.C. Cir. 1975)). This deference is required, in part, because the agency is best situated "to know what confidentiality is needed 'to prevent injury to the quality of agency decisions . . . .'" Chemical Mfrs., 600 F. Supp. at 118 (quoting Sears, 421 U.S. at 151).

    Specifically, LDF challenges OIG's decision to withhold in full and in part material related to OIG audits. Pl's Mem. at 10-16. The audit documents withheld in full are (1) a preliminary draft audit report entitled "Discussion Draft Audit Report Subject to Review and Revision For Official Use Only," (2) internal OIG e-mails related to the draft audit report; and (3) draft documents reflecting communications among OIG employees regarding an ongoing audit. Howell Decl. ¶¶ 14-15, Exh. A (referring to pages 188 - 232). Thus, the information withheld in full consists exclusively of draft documents subject to review, and discussions or other types of communications related to draft documents. See id.

    With respect to redacted material, the information withheld consists of "concerns"

14

contained in "internal interim status report[s] and audit planning document[s] regarding potential issues to be addressed." Howell Decl., ¶ 13, Exh. A (pages 108 - P117). Specifically, the redacted documents relate to "preliminary internal OIG audit reviews of proposed revisions by the State of Louisiana to its required action plan" regarding the HUD-funded Katrina disaster relief program. Howell Decl. ¶ 13. All factual data has been released to LDF, and the redacted portions – entitled "concerns" – "reflect the thoughts, mental impressions and areas for possible further OIG inquiry as expressed in meetings among OIG audit staff." Id.

The above-described material is precisely the type of information the deliberative process privilege protects from disclosure. As indicated by the fact that much of the information is contained in "draft" documents and involve the discussions of issues prior to the issuance of final audits or reports, there is simply no question that these documents are predecisional. Howell Decl. ¶¶ 13-15. Simply put, the withheld documents were created to "assist an agency decisionmaker in arriving at his decision," see Nat'l Council of La Raza v. DOJ, 411 F.3d 350, 356 (2d Cir. 2005) (internal quotation marks and citation omitted) -- here, the development of the final audit and/or investigative reports in fulfillment of OIG's mandate. See supra at 3.

In addition to being pre-decisional, the documents are also deliberative. All of the withheld information contain predecisional "concerns" or "planning" regarding a potential action on behalf of OIG. Howell Decl. ¶¶ 13-15. Some of the documents are also draft documents subject to review prior to the final version. See id. Documents such as these that reveal the pre-decisional subjective suggestions and strategy of agency employees are properly withheld as deliberative. See Grand Cent. P'ship, 166 F.3d at 482; Hamilton Sec. Group, Inc. v. Dep't of Housing and Urban Dev., 106 F. Supp. 23, 30-33 (D.D.C. 2000), aff'd per curiam, No. 00-5331,

15

2001 WL 238162, at *1 (D.C.Cir. Feb.23, 2001) (holding that "draft audit report [prepared by HUD OIG] . . . is both pre-decisional and deliberative, and disclosure of the draft audit report would threaten the integrity of the agency's policymaking processes[]"); Judicial Watch v. Rossotti, No. WMN-01-2672, 2002 WL 31962775, at *7 (D. Md. Dec. 16, 2002) (holding that IRS properly withheld list of recommended issues to be pursued in an audit, discussion of IRS's ability to support its position on these issues, internal e-mails about the audit, and two draft memoranda regarding the audit); Abraham Fruchter & Twersky, LLP v. SEC, No. 05 Civ. 00039 (HB), 2006 WL 785285, at *3 (S.D.N.Y. Mar. 29, 2006) ("documents [that] include the subordinates' observations and questions [are] precisely the type of candid discussion that the deliberative process privilege is designed to shield").

Accordingly, the Court should conclude that OIG properly withheld the information described in the Howell declaration pursuant to FOIA Exemption 5.

**C.    OIG Conducted an Adequate Search for Responsive Records**

The Court should also grant the Government's cross-motion for partial summary judgment because OIG conducted an adequate search for responsive records. See Carney, 19 F.3d at 812 (summary judgment available for FOIA defendant where, inter alia, "its search was adequate"). To demonstrate the adequacy of a search, an agency must "show that it made a good faith effort to search for the records requested, and that its methods were 'reasonably expected to produce the information requested.'" Kidd v. DOJ, 362 F. Supp. 2d 291, 294 (D.D.C. 2005) (citation omitted); see also Oglesby, 920 F.2d at 68 (an agency is not required to search every record system, only to show "that it made a good faith effort to conduct a search . . . using methods which can be reasonably expected to produce the information requested"). The agency

need not "take extraordinary measures to find the requested records." Garcia v. DOJ, 181 F. Supp. 2d 356, 368 (S.D.N.Y. 2002). The agency can meet its burden of showing a good faith search by supplying affidavits from appropriate officials setting forth facts demonstrating that a reasonable search was conducted. Id. at 366 (citing Weisberg v. DOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To establish the sufficiency of its search, the agency's affidavits need only explain the "scope and method of the search" in "reasonable detail." Kidd, 362 F. Supp. 2d at 295 (quoting Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982)).

Plaintiff does not challenge the adequacy of OIG's search for records in its motion, and as the Hall Declaration demonstrates, OIG has met its burden of demonstrating that it conducted a good faith search for responsive records. Specifically, as the individual responsible for responding to the OIG request, Hall contacted the staff members responsible for maintaining the requested documents. Hall Decl. ¶¶ 4, 8. By directly contacting the staff members in possession of records related to audits, investigations and reviews concerning the CDBG program, Hall conducted a search which was "reasonably calculated to discover the requested documents." Grand Cent. P'ship, 166 F.3d at 489. OIG accordingly has satisfied the "reasonable search" prerequisite for entry of summary judgment in its favor.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiff's motion for partial summary judgment and grant the Government's cross-motion for summary judgment.

Dated: New York, New York
       August 16, 2007

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York

By:    /s/ Lara K. Eshkenazi
        LARA K. ESHKENAZI
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel: (212) 637-2658