MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LARA K. ESHKENAZI
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2758
Fax: (212) 637-2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.,

            Plaintiff,                      07 Civ. 3378 (GEL)

            v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,

            Defendant.
------------------------------------------------------------x

## DECLARATION OF DARLENE HALL

I, Darlene Hall, pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1. I am a Freedom of Information Act Specialist ("FOIA Specialist") at the Office of the Inspector General of the United States Department of Housing and Urban Development ("OIG"). I have been a FOIA Specialist since 1995. I have been employed by OIG since 1991.

2. My responsibilities as a FOIA Specialist include the processing of Freedom of Information Act ("FOIA") requests filed with OIG. The processing of FOIA requests includes determining whether the request complies with applicable regulations, evaluating the request to determine whether the requested records fall under the jurisdiction of OIG, directing and

coordinating searches for responsive documents, reviewing responsive documents to determine whether FOIA exemptions and other discretionary disclosure provisions apply, and preparing correspondence and final responses to requesters. My duties require that I have knowledge of OIG's regulations and procedures governing requests for information, as well as knowledge of OIG's institutional practices, and the types of records maintained by OIG.

3.  I am familiar with the FOIA request dated March 19, 2007 (copy attached hereto as Exhibit A) that is the subject of the above-captioned proceeding (the "FOIA request"). OIG received the FOIA request from HUD's FOIA Division on April 11, 2007.

4.  Upon receipt of the request, I searched for responsive documents by contacting the staff members responsible for maintaining documents related to audits conducted by OIG regarding HUD's administration of, or any state grantee's administration of, the Community Development Block Grant ("CDBG") Disaster Recovery Program.

5.  By letter dated April 30, 2007 (copy attached hereto as Exhibit B), I responded to the FOIA request and provided four audit reports to plaintiff.

6.  On May 22, 2007, I received a letter from plaintiff, dated May 21, 2007 (copy attached hereto as Exhibit C), forwarded to me from the United States Attorney's Office of the Southern District of New York, indicating plaintiff's belief that OIG possessed additional responsive documents related to OIG's "audits, investigations or other studies conducted by OIG regarding grantees' administration of the Disaster Recovery Grant." I interpreted plaintiff's May 21, 2007 letter as requesting the working papers associated with OIG's audit issued August 29,

2006, addressing the CDBG Disaster Recovery Program (the "audit"), which had been provided to plaintiff on April 30, 2007. Accordingly, by letter dated May 31, 2007 (copy attached hereto as Exhibit D), I informed plaintiff that OIG intended to provide plaintiff with the underlying working papers associated with the audit. See Exh. D.

7. By letter dated June 11, 2007 (copy attached hereto as Exhibit E), plaintiff informed OIG that it was not seeking the underlying working papers associated with the audit, and requested additional documents regarding OIG's "investigations" and "reviews" related to the CDBG program.

8. After conducting an additional search for documents by contacting staff members responsible for maintaining documents related to OIG's investigations, audits and reviews of the CDBG Disaster Recovery Program, by letter dated June 29, 2007 (attached hereto as Exhibit F), OIG provided documents responsive to plaintiff's June 11, 2007 letter. Specifically, I informed plaintiff that OIG had identified 133 pages of audit-related records, of which I released 88 pages in part, and 50 pages of investigative-related material, of which I released 42 pages in part. The information withheld in whole or in part consisted of material exempt from disclosure pursuant to 5 U.S.C. § 552 (b)(5) (deliberative process and attorney-client privilege) and 5 U.S.C. §§ (b)(6) and (b)(7)(C).

9. To date, plaintiff has not sought administrative review of OIG's decision to withhold, in whole or in part, any documents responsive to the FOIA request.

Dated: Washington, D.C.
August 15, 2007

*Darlene Hall*

DARLENE HALL
FOIA Specialist
U.S. Department of Housing and Urban Development
Office of the Inspector General