# EXHIBIT A

National Office
99 Hudson Street, Suite 1600
New York, NY 10013

T 212.965.2200
F 212.226.7592

www.naacpldf.org



DEFEND EDUCATE EMPOWER

Washington, D.C. Office
1444 Eye Street, NW, 10th Floor
Washington, DC 20005

T 202.682.1300
F 202.682.1312

March 19, 2007

BY OVERNIGHT MAIL

Ms. Vicky Lewis
U.S. Department of Housing & Urban Development
Office of Administration, Office of the Executive Secretariat
FOIA Division
451 Seventh Street, SW, Room 10139
Washington, D.C. 20410

    Re: Freedom of Information Act Request –
         CDBG Disaster Recovery Grants

Dear Ms. Lewis:

    The NAACP Legal Defense & Educational Fund, Inc. ("LDF") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and U.S. Department of Housing & Urban Development ("HUD") regulations, 24 C.F.R. Part 15.

**Description of Requested Records**

    This request is for records relating to HUD's administration of the CDBG Disaster Recovery Grant program[1] as described below:

---

[1] The term "CDBG Disaster Recovery Grant program" refers to the $16.7 billion in Community Development Block Grant funds allocated by Congress for necessary expenses related to disaster relief, long-term recovery, and rebuilding expenses in those areas of the Gulf of Mexico that were most impacted by Hurricanes Katrina, Rita, and Wilma. The $16.7 billion appropriation was allocated through two appropriations statutes. The first statute, named the "Department of Defense, Emergency Supplemental Appropriations to Address Hurricanes in the Gulf of Mexico, and Pandemic Influenza Act, 2006," Pub. L. No. 109-148, 119 Stat. 2680 (Dec. 30, 2005), appropriated $11.5 billion for CDBG Disaster Recovery Grants. *See* 119 Stat. at 2779-81. The second statute, named the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Hurricane Recovery, 2006," Pub. L. No. 109-234, 120 Stat. 418 (June 15, 2006), allocated an additional $5.2 billion for CDBG Disaster Recovery Grants. *See* 120 Stat. at 472-73. Both Appropriations Acts provide that the funds shall be administered by the Secretary of Housing and Urban Development. *See* 119 Stat. at 2780; 120 Stat. at 472-73.

Vicky Lewis
March 19, 2007
Page: 2

1. All records relating to HUD's administration of the CDBG Disaster Recovery Grant program as to the State of Louisiana as grantee, including records that identify, analyze, discuss, relate to, support, or mention in any way:

    a. the decision to waive the 70% overall benefit requirement and require instead that 50% of Disaster Recovery Grant funds be used for activities that principally benefit low- and moderate-income persons, *see* 71 Fed. Reg. 7666, 7668 (Feb. 13, 2006) (waiving the 70% overall benefit requirement for grant funds provided by Pub. L. No. 109-148); 71 Fed. Reg. 63,337, 63,339 (Oct. 30, 2006) (waiving the 70% overall benefit requirement for grant funds provided by Pub. L. No. 109-234);

    b. requests by Louisiana for waivers from statutory or regulatory requirements of the regular CDBG program, including any waivers requested by Louisiana but not granted by HUD, and including the grantee's request that "such waiver is required to facilitate the use of" Disaster Recovery Grant funds, 119 Stat. at 2780; 120 Stat. at 473;

    c. Louisiana's certification that it will affirmatively further fair housing, including any analysis of impediments to fair housing, and any records reflecting the analysis of impediments and actions taken to overcome the effect of any impediments;

    d. Louisiana's certification that it has in effect and is following a residential anti-displacement and relocation assistance plan;

    e. Louisiana's certification that it will comply with section 3 of the Housing and Urban Development Act of 1968, 12 U.S.C. § 1701u, and HUD's implementing regulations for section 3 at 24 C.F.R. Part 135;

    f. Louisiana's certification that it is following a detailed citizen participation plan, and that each unit of general local government that is receiving assistance from the state is following a detailed citizen participation plan;

    g. Louisiana's certification that it will use funds solely for necessary expenses related to disaster relief, long-term recovery, and restoration of infrastructure in the most impacted and distressed areas in communities included in Presidential disaster declarations;

    h. Louisiana's certification that "maximum feasible priority" is given to activities that will benefit low- and moderate-income persons, and that at least 50% of the amount expended shall benefit such persons, *see* 71 Fed. Reg. at 7671;

Vicky Lewis
March 19, 2007
Page: 3

  i. Louisiana's certification that it will conduct and administer the grant in conformity with Title VI of the Civil Rights Act of 1964, Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), and HUD's implementing regulations for Title VI and Title VIII;

  j. any summaries or other submissions by Louisiana to HUD regarding public comments on its use of the grant funds, see 71 Fed. Reg. at 7668-69;

  k. all quarterly reports from Louisiana to HUD (required to be submitted no later than 30 days following each calendar quarter), as submitted using the online Disaster Recovery Grant Reporting system or otherwise, including detailed information about the uses of grant funds, such as "the project name, activity, location, and national objective; funds budgeted, obligated, drawn down, and expended; . . . beginning and ending dates of activities; and performance measures such as numbers of low- and moderate-income persons or households benefiting," 71 Fed. Reg. at 7668-70;

  l. the record-keeping system established and maintained by Louisiana (required by HUD regulation to "facilitate HUD review of whether program requirements are being met," 71 Fed. Reg. at 7670), as well as data recorded through that record-keeping system, including "data on the racial, ethnic, and gender characteristics of persons who are applicants for, participants in, or beneficiaries of the program," 71 Fed. Reg. at 7670;

  m. HUD's responses to, review of, consideration of, or approval of any of the certifications, reports, data, or requests for waivers described or identified in ¶¶ 1(b) to 1(*l*) above;

  n. the finding by the Secretary of HUD, with regard to every waiver of any statutory or regulatory program requirement granted by the Secretary, that "such waiver would not be inconsistent with the overall purpose of the statute [*i.e.*, Title I of the Housing and Community Development Act of 1974], as modified," 119 Stat. at 2780; 120 Stat. at 473;

  o. HUD's determination, prior to the obligation of funds to Louisiana pursuant to Pub. L. No. 109-234, that Louisiana was sufficiently prioritizing "the rehabilitation and reconstruction of the affordable rental housing stock including public and other HUD-assisted housing," 120 Stat. at 473;

2. All records relating to HUD's administration of the CDBG Disaster Recovery Grant program as to the State of Mississippi as grantee, including records that identify, analyze, discuss, relate to, support, or mention in any way:

Vicky Lewis
March 19, 2007
Page: 4

      a. - o.    all records requested in ¶¶ 1(a) - (o) above;

      p.    all requests that HUD waive the 50% overall benefit requirement (that is, the requirement that 50% of the CDBG funds received by Mississippi under the grant be for activities that benefit low- and moderate-income persons);

      q.    HUD's and Mississippi's analysis of the "available post-disaster housing need data" in connection with Mississippi's request for a waiver of the overall benefit requirement as to the activities contained in its March 31, 2006, Action Plan submission, *see* 71 Fed. Reg. 34,457, 34,459 (June 14, 2006);

      r.    HUD's finding of a "compelling need" to eliminate the 50% overall benefit requirement as to the activities contained in Mississippi's March 31, June 28, and July 12, 2006, Action Plan submissions;

      s.    data that HUD believes "indicate that it is possible that the actual operations of the grant may produce a result in conformance with the 50 percent overall benefit requirement," 71 Fed. Reg. at 34,459;

      t.    HUD's determination that Mississippi "has, to some extent, followed the Department's recommendation that it make a reasonable effort to address the recovery needs of its low- and moderate-income residents," 72 Fed. Reg. 10,020, 10,021 (Mar. 6, 2007);

      u.    HUD's determination, as indicated in its March 6, 2007 Notice, that Mississippi does not have a compelling need for a waiver of the 50% overall benefit requirement for Mississippi's entire grant, *see* 72 Fed. Reg. at 10,021;

      v.    HUD's determination that Mississippi does have a compelling need for a waiver of the 50% overall benefit requirement as to the funds provided by Pub. L. No. 109-148 to the extent necessary to carry out the activities contained in Mississippi's Action Plan amendment dated December 15, 2006;

      w.    Mississippi's Action Plan submissions to HUD, including but not limited to those dated March 31, June 28, July 12, and December 15, 2006;

3.    All records relating to any studies conducted by the HUD Office of the Inspector General regarding HUD's administration of, or any state grantee's administration of, the CDBG Disaster Recovery Grant program;

4.    All records relating to any studies conducted by the Government Accountability Office regarding HUD's administration of, or any state grantee's administration of, the CDBG

Vicky Lewis
March 19, 2007
Page: 5

        Disaster Recovery Grant program, including any data or information provided by HUD to the Government Accountability Office; and

5.     All records relating to communications from or to Congress – including any Congressional committees or subcommittees, or any individual members of Congress – on the topic of HUD's administration of, or any state grantee's administration of, the CDBG Disaster Recovery Grant program, including but not limited to all communications in compliance with the statutory requirement that "the Secretary shall notify the Committees on Appropriations on any proposed allocation of any funds and any related waivers made pursuant to these provisions . . . no later than 5 days before such waiver is made," 119 Stat. at 2780-81; 120 Stat. at 473.

        If HUD believes that any portion of any records requested above is exempt from disclosure for any reason, LDF requests that you provide us with an index of those documents as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Such an index must adequately describe each withheld document or portion of a document, and must state the claimed exemption with sufficient specificity to "permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology of Wash., D.C., Inc. v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979). If portions of any requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. *See* 5 U.S.C. § 552(b). If HUD believes that a document contains non-exempt portions that are not reasonably segregable, please provide a detailed justification for this determination, including a description of how the non-exempt portions are dispersed throughout the document, and what proportion of the document is non-exempt. *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

**Form in Which Records Should be Made Available**

        LDF seeks records of any and all kind, including, but not limited to, hard copy and electronic records, documents, spreadsheets, audiotapes, videotapes, and photographs. This request includes correspondence, memoranda, notes, e-mails, notices, telephone facsimiles, charts, tables, presentations, orders, filings, telephone or voice mail messages, agendas, and calendars. We also seek information about any meetings and/or discussions at which the topics covered in this request arose, including agendas, participant lists, minutes, transcripts, notes, and documents related to such meetings and/or discussions. Please provide all responsive records in the form or format in which they are regularly kept, whether hard copy, electronic, or otherwise.

**Request for Expedited Processing**

        Pursuant to 5 U.S.C. § 552(a)(6)(E)(i) and 24 C.F.R. § 15.105(b), LDF requests that HUD expedite the processing of this request in light of the compelling need for the requested information. LDF is a non-profit civil rights litigation and public advocacy organization, whose

Vicky Lewis
March 19, 2007
Page: 6

activities include disseminating information it gathers from a variety of sources, including the Freedom of Information Act. LDF's website, http://www.naacpldf.org, includes numerous examples of reports and other documents it has prepared to disseminate important information regarding civil rights and equal opportunity for African Americans. LDF seeks the records, documents, and information included in this request for the express purpose of disseminating that information to the public.

In addition, per 24 C.F.R. § 15.105(b)(2), there is "an urgency to inform the public concerning actual or alleged Federal Government activity." The use of CDBG Disaster Recovery Grant funds to assist in disaster relief, long-term recovery, and rebuilding expenses in those areas in the Gulf of Mexico that were affected by Hurricanes Katrina, Rita, and Wilma is a topic of overwhelming and pressing significance to the hundreds of thousands of families displaced or affected by those events. In addition, the states receiving CDBG Disaster Recovery Grants have begun to develop full or partial plans for the expenditure of those funds, and have started distributing funds in accordance with those plans. The use of Disaster Recovery Grant funds has been extensively covered in the media both nationally and locally in the affected areas, further indicating the immediate public interest in the matter. Accordingly, the records sought in this request are urgently needed to inform the public – especially the public in the affected areas – regarding "actual or alleged Federal Government activity," *id.*, in connection with these ongoing and planned disaster relief and long-term recovery programs. *See, e.g., ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 30 (D.D.C. 2004).

As required by 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 24 C.F.R. § 15.104(d), HUD must determine whether to provide expedited processing, and give notice of that determination to LDF, within 10 days after the date of this request.

**Request for Fee Waiver**

LDF falls in the fee category of "other requester" pursuant to HUD regulation. *See* 24 C.F.R. § 15.110(b). However, the FOIA statute provides, at 5 U.S.C. § 552(a)(4)(A)(iii), that "[d]ocuments shall be furnished without any charge or at a charge reduced below the fees established under [§ 552(a)(4)(A)(ii)] if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." LDF requests that HUD waive or reduce any fees associated with processing this request for records because disclosure of the information sought is in the public interest, is likely to contribute significantly to public understanding of HUD's activities, and is not sought for LDF's commercial interest. LDF is a non-profit corporation, organized under § 501(c)(3) of the Internal Revenue Code, and as such has no commercial interest. The records are sought to inform the public's understanding of HUD's compliance, and the grantees' compliance, with the reporting, oversight, nondiscrimination, fair housing, overall benefit, and other requirements of the CDBG

Vicky Lewis
March 19, 2007
Page: 7

Disaster Recovery Grant program. A fee waiver is therefore warranted pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 24 C.F.R. § 15.110(h).

HUD recently published a Final Rule revising the procedure to be followed by FOIA requesters seeking a fee waiver. *See* 72 Fed. Reg. 12,540 (Mar. 15, 2007). This Final Rule is not effective until April 16, 2007, but LDF notes that its request for a fee waiver is warranted both under the existing procedures, as currently codified at 24 C.F.R. § 15.110(h), and under the procedures that will soon take effect, as established at 72 Fed. Reg. 12,540. The FOIA revisions require that the "public interest in disclosure is greater in magnitude than that of any identified commercial interest in disclosure." 72 Fed. Reg. at 12,542. As noted, LDF has no commercial interest in disclosure, whereas the public interest in disclosure of HUD's administration of the nearly-$17 billion Disaster Recovery Grant program is tremendous.

The FOIA revisions further require that (A) the subject of the request pertain to the operations of the federal government; (B) the informative value of the requested records be consequential; (C) the disclosure be likely to contribute to an understanding of the subject by the public; and (D) the contribution to public understanding be significant. *See id.* The records sought in this request pertain directly and clearly to the operations of the federal government, because they concern the administration by a federal agency of federal disaster recovery funds. The requested records will be "meaningfully informative" about federal governmental operations, *id.*, because they concern HUD's administration of a large amount of housing-related aid – nearly $17 billion – and because none of the requested records are believed after diligent search to be already in the public domain. The disclosure of the requested records is likely to contribute to the understanding of a broad audience of persons interested in the subject, including the hundreds of thousands of individuals and families displaced by Hurricanes Katrina, Rita, and Wilma who will potentially benefit from the use of the Disaster Recovery Grants. To the extent that HUD will consider the requester's "expertise in the subject area and ability and intention to effectively convey the information," LDF attests that it has litigated dozens of cases regarding fair housing issues generally, and the use of CDBG funds to affirmatively further fair housing specifically; and has further engaged in public advocacy for decades on matters of equitable administration of federal funds on behalf of African Americans. Moreover, as noted above, LDF intends to analyze the requested records and convey information regarding HUD's administration of the CDBG Disaster Recovery Grant program on its website as well as through reports and other means to as broad an audience as possible. Finally, with regard to requirement (D) in the FOIA revisions, LDF believes that the "public's understanding of the subject in question, as compared to the level of public understanding existing prior to the disclosure, [will] be enhanced by the disclosure to a substantial degree." *Id.* LDF believes that the public has little to no current understanding of how, if at all, HUD is overseeing the use of CDBG Disaster Recovery Grant funds to ensure that the many Congressional and regulatory requirements – including reporting, nondiscrimination, fair housing, overall benefit, citizen participation, and other requirements – are being met. LDF further believes that the public has little to no current understanding of HUD's considerations and communications with state grantees with regard to waiving, or

Vicky Lewis
March 19, 2007
Page: 8

considering the waiver of, the various program requirements. Accordingly, LDF is entitled to a fee waiver both under HUD's FOIA revisions that will take effect in April 2007, and under the current fee waiver regulations at 24 C.F.R. § 15.110(h).

Please provide the records described above irrespective of the status and outcome of your evaluation of LDF's fee waiver request. In order to prevent delay in the processing of this request, LDF states that it will, if necessary and under protest, pay any applicable fees up to $500. Please consult with us before undertaking any action that would cause the fee to exceed $500. No payment made under protest will constitute any waiver of LDF's right to seek administrative or judicial review of any denial of its fee waiver request.

If you have any questions about this request or foresee any problems in releasing fully all requested records on an expedited basis, please call either Matthew Colangelo or Damon Hewitt at 212-965-2200. Please send the requested documents to Matthew Colangelo, NAACP Legal Defense & Educational Fund, 99 Hudson St., 16th Floor, New York, NY 10013.

Sincerely,

Matthew Colangelo