# EXHIBIT C

# GIBBONS

GIBBONS FELLOWSHIP IN
PUBLIC INTEREST & CONSTITUTIONAL LAW

JOHN J. GIBBONS
SENIOR PARTNER

LAWRENCE S. LUSTBERG
DIRECTOR

EMILY B. GOLDBERG
MELANCA D. CLARK

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Phone: 973.596.4500

May 21, 2007

**VIA FACSIMILE & FIRST CLASS MAIL**
Lara K. Eshkenazi, Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers St., 3rd Floor
New York, NY 10007

Re: *NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 07-CV-3378 (GEL)

Dear Ms. Eshkenazi:

Pursuant to paragraph 5 of the stipulation entered in this matter by Judge Lynch on May 16, 2007, item number 3 of the NAACP Legal Defense & Educational Fund (LDF)'s FOIA request dated March 19, 2007, was forwarded to the HUD Office of Inspector General (OIG). As we have now received a response from the OIG, we address this correspondence to your attention as counsel for HUD. On May 7th, LDF received a letter from Ms. Darlene Hall, OIG FOIA officer, dated April 30, 2007, along with four reports claimed to be responsive to LDF's request. Ms. Hall's letter stated that "[t]his response constitutes a full grant of your request." As I am aware that you may not have seen this correspondence I here enclose it for your convenience [attached hereto as Attachment A].

Item number 3 of LDF's FOIA request sought "[a]ll records relating to any studies conducted by the HUD Office of the Inspector General regarding HUD's administration of, or any state grantee's administration of, the CDBG Disaster Recovery Grant program." LDF's request further noted that it was seeking:

> records of any and all kind, including, but not limited to, hard copy and electronic records, documents, spreadsheets, audiotapes, videotapes, and photographs. This request includes correspondence, memoranda, notes, e-mails, notices, telephone facsimiles, charts, tables, presentations, orders, filings, telephone or voice mail messages, agendas, and calendars. We also seek information about any meetings and/or discussions at which the topics covered in this request arose, including agendas, participant lists, minutes, transcripts, notes, and documents related to such meetings and/or discussions.

GIBBONS P.C.

May 21, 2007
Page 2

OIG's response to LDF's request is incomplete and reflects an inadequate search for records.

As an initial matter, three of the four documents produced by OIG do not address the CDBG Disaster Recovery Grant program, but instead deal with different HUD funding programs not included in LDF's FOIA request.[1] Of greater concern is that OIG does not appear to have "conduct[ed] a search reasonably calculated to uncover all relevant documents." *Truitt v. U.S. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). HUD OIG staff in Washington, D.C., and in various HUD field offices have been engaged in ongoing, full-time monitoring and oversight of the CDBG Disaster Recovery Grant program for at least the past year. A recent letter from Tom Brennan, Executive Assistant Director of the Louisiana Office of Community Development (OCD) – the agency responsible for administering that state's Disaster Recovery Grant – states that the "[HUD] Inspector General has been a continuing presence in our offices since August 31, 2006." *See* Letter from Thomas Brennan, Louisiana OCD, to Bill Quigley, Loyola University New Orleans College of Law, at 3 (Mar. 13, 2007) [attached hereto as Attachment B]. We are additionally aware of extensive email correspondence and in-person meetings between the Louisiana OCD and staff of the HUD OIG (including OIG employees Rose Capalungan, Kim Dahl, Tracey Edwards, Kevin Gray, Shanitra Marshall, and Frances Ranzie, among others), regarding OIG's ongoing audits and oversight of Louisiana's administration of the Disaster Recovery Grant. All of these records fall well within LDF's request to OIG because they relate to audits, investigations, or other studies conducted by OIG regarding grantees' administration of the Disaster Recovery Grant. LDF therefore requests that these and other responsive records be produced expeditiously.

To narrow the scope of OIG's search, LDF is willing to revise its March 19 request – which originally sought OIG records regarding Disaster Recovery Grant administration by HUD and all five state grantees – to instead seek OIG records regarding Disaster Recovery Grant administration by HUD, the state of Louisiana, and the state of Mississippi (thereby excluding from the FOIA request those records that relate only to program administration by the three other state grantees).

---

[1] Memorandum Number 2007-AO-0001-CM is a brief evaluation of the Katrina Disaster Housing Assistance Program and the Disaster Voucher Program. And two of the audits – Report Number 2006-AO-1001, and Report Number 2006-AO-1002 – are audits of property management companies that received Stafford Act assistance, not CDBG Disaster Recovery Grant assistance.

GIBBONS P.C.

**May 21, 2007**
Page 3

      Please feel free to contact me to discuss a schedule for the expedited production of OIG records.

                                                  Sincerely,

                                                  Melanca D. Clark

cc:    Matthew Colangelo

# **ATTACHMENT A**



U.S. Department of Housing and Urban Development
## Office of Inspector General
451 7th St., SW
Washington, DC 20410

Mr. Matthew Colangelo    APR 3 0 2007
NAACP Legal Defense and Educational
 Fund, Inc.
1444 Eye Street, N.W., 10th Floor
Washington, DC 20005

FOIA Number:  FIIG463733

Dear Mr. Colangelo:

This is in response to your Freedom of Information Act (FOIA) request of March 19, 2007, to the U.S. Department of Housing and Urban (HUD), Office of Inspector General (OIG). You have requested records pertaining to the CDBG Disaster Recovery Grants. Your request was received and forwarded to OIG on April 11, 2007. You will receive a separate response from the Department's FOIA Office.

OIG is responding to Item No. 3 of your request, which states:

All records relating to any studies conducted by the HUD Office
of the Inspector General regarding HUD's administration of, or
any state grantee's administration of, the CDBG Disaster
Recovery Grant program.

A search of our automated retrieval systems identified four audit reports that are responsive to your request. Enclosed are the following reports:

1) Memorandum No. 2007-AO-0001-CM, <u>Evaluation of HUD's Procedures and Controls for the Katrina Disaster Housing Assistance Program and Disaster Voucher Program</u>, dated December 8, 2006;

2) Audit Report No. 2006-AO-1002, <u>Cityside Management Corporation, Hammond, Louisiana, Did Not Enforce The Lease Terms Over Payment of Property Utilities</u>, dated August 31, 2006;

3) Audit Report No. 2006-AT-0001, <u>The Procurement Office Did Not Maintain Complete Contract Files</u>, dated August 29, 2006; and

4) Audit Report No. 2006-AO-1001, <u>Southwest Alliance of Asset Managers, LLC, Addison, Texas; Did Not Effectively Enforce The Lease Terms Over Payment of Property Utilities</u>, dated June 23, 2006.

Please be advised that James A. Heist, Assistant Inspector General for Audit, is the official responsible for this response. This response constitutes a full grant of your request.

Should you have any questions concerning the FOIA request, please contact me on 202-708-1613. Please reference the above FOIA number when making inquiries about this matter.

Sincerely,

Darlene D. Hall
Freedom of Information Act
 Officer

Enclosures

# **ATTACHMENT B**



**State of Louisiana**
DIVISION OF ADMINISTRATION
OFFICE OF COMMUNITY DEVELOPMENT

Kathleen Babineaux Blanco
GOVERNOR

Jerry Luke LeBlanc
COMMISSIONER OF ADMINISTRATION

March 13, 2007

Mr. Bill Quigley
Loyola University New Orleans
College of Law
7214 St. Charles Avenue, Box 902
New Orleans, LA 70118

                Re:    Administrative Complaint –
                      Louisiana Community Development
                      Block Grant Program [CDBG]

Dear Mr. Quigley:

This letter is a response to your 11/8/2006 letter to U.S. Department of Housing and Urban Development (HUD) and Louisiana state officials regarding the spending of the $10.4 billion in CDBG disaster recovery funds appropriated to the state. You made a number of points in your letter which I have attempted to summarize and respond to in turn, as described below.

1. <u>Full Disclosure on how the $10.4 billion will be spent.</u>

The Louisiana process on proposing and approving the disaster recovery Action Plans involves multiple steps that consider public input and comment including: discussion, debate, receipt of public comments, and action by the Louisiana Recovery Authority (LRA); a public comment period in compliance with HUD requirements; legislative review, receipt of public comments, and approval; and finally HUD approval. The involvement of these multiple parties ensures robust and full disclosure and an opportunity for the public to frame the design of programs to best meet the disaster recovery needs of the citizens of Louisiana.

2. <u>Attain a Minimum 50% Benefit to Low and Moderate Income Persons.</u>
3. <u>Reporting Inadequate to Date</u>
4. <u>Disclosure of Activity by Race, Income and Geography</u>

The Office of Community Development is in the process of developing a software system that will track all expenditures of CDBG funds by benefit to persons of low and moderate income (LMI), by race, and by geographic location. This system will track expenditures in the categorical breakdowns identified for state programs not included in *The Road Home* homeownership and rental housing programs. ICF International, the state subcontractor

P.O. Box 94095, Baton Rouge, LA 70804-9095
Claiborne Building, Suite 7-270
(225) 342-7412 • Fax (225) 342-1947 • 1-800-354-9548
*An Equal Opportunity Employer*

implementing *The Road Home* housing programs has a parallel system in place to determine LMI percentages and other categorical breakdowns for the homeowner and rental programs. Because expenditures to date are less than one percent of the total funds appropriated, the State believes that the public will be unable to draw realistic conclusions regarding the State's progress toward meeting its statutorily required goals of serving persons of low and moderate income. However, once the State has a realistic representation of expenditures across these programs, progress on meeting the 50% overall LMI goal will be reported publicly. At a minimum, this information will be posted to the State's Disaster Recovery Unit web site at http://www.doa.louisiana.gov/cdbg/drhome.htm.

5. Requirement to Spend 70% of P.L.109-234 in the Seven Parish Area

Louisiana is required to spend 70% of the supplemental CDBG appropriation in the seven-parish New Orleans metropolitan area and you have urged the State to provide a detailed breakdown of where the money is being spent by income, race and geography of recipients. Your letter states: "You have this information. You collect this information. You should allow the public to see it. Refusal to provide this information raises questions about the fundamental fairness and equal treatment in the spending of this money."

The State has every intention of making spending information available to the public as that information becomes available. As noted in the response to the concern expressed in 4, above, with a less than one percent expenditure rate to date, the public will be unable to draw realistic conclusions regarding the State's progress toward meeting its statutorily required goals of spending 70% of disaster recovery funds in the New Orleans metropolitan area. The current version of *The Road Home* Pipeline Report, which shows the status of the homeowner and rental programs, is included in this response. This report is routinely made available to the public and is widely reported in the media.

6. The Rental Requirement

P.L. 109-234 and subsequent Federal Register notice of October 30, 2006 requires Louisiana to expend 19.3 % of its allocation for affordable rental housing. Louisiana has allocated $ 1,112,650,000 from this appropriation for rental programs, or well over twenty-five (25) percent of the total appropriation. Total funds budgeted for rental programs from both appropriations are $1,535,700,000.

7. Fair Housing

Enclosed are provisions from the Office of Community Development Grantee Handbook that detail the process applied to address Fair Housing and 11063 Obligations.

8. Reporting on Section 3 Compliance

All contractors used as part of the Disaster Recovery program are required to comply with the provisions of Section 3. As the sole contractor currently in the implementation stage, ICF reports Section 3 compliance to OCD on a regular basis. A copy of the most recent Section 3 Progress Report is included as part of this response.

9. HUD Monitoring

OCD has been the focus of considerable and continued monitoring and auditing by HUD, the HUD Inspector General, and the Louisiana Legislative Auditor. The HUD program staff has made two monitoring visits to Baton Rouge to date, bringing a full complement of staff of up to a dozen people. The Inspector General has been a continuing presence in our offices since August 31, 2006. No reports have been issued to date; your request to make copies available to the public is noted and will be honored.

10. Full Disclosure

You final point incorrectly asserts that the state has refused to make information available regarding its reporting requirements. Be assured that as new information systems are implemented that capture required data and as expenditure rates increase to levels where better conclusions can be drawn, the State will fully disclose to the public all required information. Thank you for your comments. Your interest in the CDBG program and the programs designed to rebuild coastal Louisiana is appreciated and welcomed.

Sincerely Yours,

Thomas Brennan
Assistant Executive Director

cc:     Clifford Taffet