**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendant. | Civil Action No. 07-3378 (GEL) |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW SUPPORTING ITS**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff NAACP Legal Defense & Educational Fund, Inc. respectfully submits this Reply Memorandum of Law in support of its Motion for Partial Summary Judgment and opposing Defendant's cross-motion for partial summary judgment.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    Plaintiff Exhausted Its Administrative Remedies ..................................................... 1

    II.    Defendant Has Not Met Its Burden of Proving the Applicability of Exemption Five to Responsive Records .................................................................. 7

        A.    Defendant Has Not Met Its Burden of Showing that Exemption Five Applies to the Undisclosed Audit Records ........................................ 8

        B.    Defendant Has Not Met Its Burden of Showing that Exemption Five Applies to the Redacted Audit Records ............................................ 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**

*ACLU v. Department of Defense*,
  339 F. Supp. 2d 501 (S.D.N.Y. 2004) ................................................................................ 5, 6

*Arthur Andersen & Co. v. IRS*,
  679 F.2d 254 (D.C. Cir. 1982) .............................................................................................. 9

*Coastal States Gas Corp. v. Department of Energy*,
  617 F.2d 854 (D.C. Cir. 1980) ............................................................................... 7, 8, 9, 10

*DiModica v. U.S. Department of Justice*,
  Civ. No. 05-2165 (GEL), 2006 WL 89947 (S.D.N.Y. Jan. 11, 2006) ............................... 2, 4, 6

*Electronic Privacy Information Center v. Department of Justice*,
  416 F. Supp. 2d 30 (D.D.C. 2006) ..................................................................................... 5, 6

*Judicial Watch, Inc. v. U.S. Naval Observatory*,
  160 F. Supp. 2d 111 (D.D.C. 2001) ................................................................................... 5, 6

*Judicial Watch, Inc. v. U.S. Postal Service*,
  297 F. Supp. 2d 252 (D.D.C. 2004) ....................................................................................... 8

*Lee v. FDIC*,
  923 F. Supp. 451 (S.D.N.Y. 1996) ...................................................................................... 8, 9

*Megibow v. Clerk of U.S. Tax Court*,
  Civ. No. 04-3321 (GEL), 2004 WL 1961951 (S.D.N.Y. Aug. 31, 2004) ............................ 2, 6

*Natural Resources Defense Council v. U.S. Department of Defense*,
  388 F. Supp. 2d 1086 (C.D. Cal. 2005) ................................................................................. 3

*Nurse v. Secretary of Air Force*,
  231 F. Supp. 2d 323 (D.D.C. 2002) ....................................................................................... 6

*Paisley v. CIA*,
  712 F.2d 686 (D.C. Cir. 1981) ............................................................................................. 10

*Petroleum Information Corp. v. U.S. Department of Interior*,
  976 F.2d 1429 (D.C. Cir. 1992) ........................................................................................... 10

*Pollack v. Department of Justice*,
  49 F.3d 115 (4th Cir. 1995) .................................................................................................... 4

*Ruotolo v. Department of Justice, Tax Division*,
  53 F.3d 4 (2d Cir. 1995) ......................................................................................................... 6

*Senate of Puerto Rico v. Department of Justice*,
  823 F.2d 574 (D.C. Cir. 1987) .................................................................................... 9, 10

*West v. Jackson*,
  448 F. Supp. 2d 207 (D.D.C. 2006) .................................................................................. 3

*Wilbur v. CIA*,
  355 F.3d 675 (D.C. Cir. 2004) ........................................................................................... 2

**STATUTES**

5 U.S.C. § 552(a)(3)(A) .......................................................................................................... 2, 3

5 U.S.C. § 552(a)(6)(A)(i) ...................................................................................................... 5, 6

5 U.S.C. § 552(a)(6)(C)(i) .......................................................................................................... 4

5 U.S.C. § 552(a)(6)(E)(ii)(I) ................................................................................................. 4, 5

5 U.S.C. § 552(a)(6)(E)(iii) .................................................................................................... 4, 5

**REGULATIONS**

24 C.F.R. § 15.104(a) ............................................................................................................. 2, 3

24 C.F.R. § 2002.17(b) ............................................................................................................... 3

24 C.F.R. § 2002.3(b) ................................................................................................................. 2

## INTRODUCTION

Each passing week brings additional reports from the national media regarding the slow pace of recovery in the Gulf Region. *See, e.g.*, Adam Lashinsky, *Where's The Money?*, Fortune, Aug. 20, 2007, at 69. LDF is concerned that absent vigorous oversight of the use of federal redevelopment funds such as those provided by the CDBG Disaster Recovery Grant program, statutory and regulatory requirements may not be met – with the result that low-income and minority families will not receive the assistance they need to rebuild their homes and lives.

LDF has therefore sought public records that will permit an evaluation of HUD's management of the Disaster Recovery Grant program. Defendant's decision to withhold responsive records from the HUD Office of the Inspector General ("OIG"), and to redact portions of those documents that it did disclose, is unsupported by the law. Defendant's opposition to LDF's motion for partial summary judgment fails to meet its burden of proving that FOIA's Exemption Five applies to the documents that LDF seeks.[1]

## ARGUMENT

**I.    Plaintiff Exhausted Its Administrative Remedies.**

Defendant initially opposes LDF's motion on the ground that LDF has failed to exhaust its administrative remedies. Because OIG failed to respond to LDF's FOIA request within the time required by statute once it received that request, LDF did exhaust its administrative

---

[1] Defendant has not submitted any response to LDF's Statement of Undisputed Facts, as required by Local Rule 56.1(b). Those facts should therefore be deemed admitted for purposes of this motion. *See* Local R. 56.1(c). Moreover, because Defendant has not submitted its own Rule 56.1 Statement in support of its purported cross-motion for summary judgment, that motion is not properly made. *See* Local R. 56.1(a).

The cases that Defendant cites to support these omissions do not establish the existence of a "general practice" in this Circuit of forgoing Rule 56.1 Statements in FOIA actions. *See* Def.'s Mem. 3 n.2. A simple review of the docket of FOIA actions in the Southern District of New York confirms that Rule 56.1 Statements are routinely submitted on motions for summary judgment, as required by the Local Rules.

remedies. In addition, as Defendant concedes, this Court has recognized that administrative exhaustion in the FOIA context is a prudential consideration, not a jurisdictional requirement. *DiModica v. U.S. Dep't of Justice*, Civ. No. 05-2165 (GEL), 2006 WL 89947, at *3 (S.D.N.Y. Jan. 11, 2006); *Megibow v. Clerk of U.S. Tax Court*, Civ. No. 04-3321 (GEL), 2004 WL 1961951, at *3 (S.D.N.Y. Aug. 31, 2004); *accord Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004). Accordingly, even if the Court concludes that LDF did not exhaust its administrative remedies, the Court nonetheless may and should consider the merits of LDF's motion.

**A.** Defendant first argues that LDF did not exhaust administrative remedies because LDF mailed its request to the Department's FOIA office and not to OIG. *See* Def.'s Mem. 8. Specifically, Defendant notes that OIG has its own staff to process FOIA requests, separate from the Department's FOIA office, and that LDF's request for OIG records should have been mailed directly to OIG. *Id.* at 6-8. Defendant notes that the office to which LDF mailed its request "is located in the same building as OIG, but in a different room." *Id.* at 7.

The argument that LDF mailed its request for OIG records to the wrong room in the HUD building, and thereby failed to exhaust administrative remedies, is without merit. Defendant cites FOIA's requirement that requests be "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed . . . ." 5 U.S.C. § 552(a)(3)(A). The agency's regulations do identify a different office for the submission of requests for OIG records than for other HUD records, *see* 24 C.F.R. § 2002.3(b), but the regulations additionally provide that HUD will forward misaddressed requests to the proper office. *See id.* § 15.104(a) ("If you have sent your request to the wrong office, that office will send it to the correct office within 10

2

working days and will send you an acknowledgment letter.").[2]  This procedure was followed here: after LDF inadvertently submitted its request for OIG records to the Department's FOIA office, that office forwarded the request to OIG, which received the request.  It can hardly be said to be a violation of the § 552(a)(3)(A) "time, place, and procedures" requirement when LDF's request, though addressed to the incorrect room at HUD headquarters, was in fact forwarded to and received by the proper office in accordance with HUD's own regulations.  *Cf. Natural Res. Def. Council v. U.S. Dep't of Defense*, 388 F. Supp. 2d 1086, 1100-02 (C.D. Cal. 2005) (holding that the defendant failed to conduct an adequate search for records when agency regulations required the agency to refer requests to its component offices, but the agency failed to do so).

Defendant's reliance on *West v. Jackson*, 448 F. Supp. 2d 207 (D.D.C. 2006), is unavailing.  In *West*, there was no evidence that HUD had ever received the plaintiff's FOIA request at all, and the district court therefore held that the plaintiff's failure to direct his request to the proper office amounted to a failure to exhaust administrative remedies.  *Id.* at 211-12.  Here, Defendant has acknowledged both that the Department's FOIA office received LDF's request on March 21, *and* that the request was forwarded to OIG, where it was received on April 11.  Moreover, *West* ultimately supports LDF's position because the district court in that case – properly noting that the exhaustion requirement is prudential, not jurisdictional – excused the plaintiff's failure to exhaust and proceeded to review the merits of his claim.  *Id.* at 212.

---

[2] The regulations specific to requests for OIG records contain a parallel referral provision.  *See* 24 C.F.R. § 2002.17(b) ("If a request is misdirected by the requester, the Office of Inspector General or Department official who receives the request will promptly refer it to the appropriate office and will advise the requester about the delayed time of receipt.").  Thus, the agency's regulations provide that if the Department's FOIA office receives a misaddressed request, it will forward that request to the proper office, *see id.* § 15.104(a); and that if OIG receives a misaddressed request, it will in turn forward the request as appropriate, *see id.* § 2002.17(b).

3

**B.**   Defendant next argues that prior to filing this lawsuit, LDF ought to have sought administrative review of OIG's failure to respond to its FOIA request. *See* Def.'s Mem. 8. Defendant's argument is contravened by the plain language of the statute. OIG received LDF's request on April 11, and because the request sought expedited processing, FOIA required a response within ten days. 5 U.S.C. § 552(a)(6)(E)(ii)(I). Once OIG failed to meet this ten-day deadline, judicial review was proper. *Id.* § 552(a)(6)(E)(iii). Accordingly, at the time LDF filed its complaint on April 27 – more than ten days after OIG's receipt of the request – LDF had constructively exhausted its administrative remedies. *Id.* §§ 552(a)(6)(C)(i); 552(a)(6)(E)(iii).

**C.**   Defendant's final argument is that because OIG sent a cursory response to LDF on April 30,[3] *after* LDF initiated this lawsuit, the exhaustion requirement was triggered anew. *See* Ex. 4 (Letter from Hall to Colangelo of 4/30/07); Def.'s Mem. 9-10. This Court held in *DiModica* that an agency cannot impose an administrative exhaustion requirement by responding to a request after litigation has commenced. *DiModica*, 2006 WL 89947, at *3 (holding that the fact of an agency's response *after* the plaintiff filed suit did not impose an exhaustion requirement, because the plaintiff "had not failed to exhaust his administrative remedies at the time the complaint was filed"); *see also Pollack v. Dep't of Justice*, 49 F.3d 115, 119 (4th Cir. 1995) ("[I]t was error for the district court to conclude that it was somehow deprived of jurisdiction because [the plaintiff] failed to file administrative appeals . . . during the litigation.").

Defendant points out that its April 30 response, though outside the ten-day requirement to respond to a request for expedition, was within the twenty-day period that would apply to a standard FOIA request. *See* Def.'s Mem. 7. Defendant cites a single out-of-jurisdiction case in

---

[3] As Plaintiff pointed out to Defendant after receiving the April 30 response, the records identified in that letter were not responsive to LDF's request: three of the four documents produced did not address the CDBG Disaster Recovery Grant program at all. *See* Ex. 5 (Letter from Clark to Eshkenazi of 5/21/07, at 2 & n.1).

4

support of its position that an agency may ignore FOIA's expedited processing time limits yet compel a plaintiff to exhaust administrative remedies with regard to its eventual response, even if that response comes after litigation has properly been commenced. This single case from the district court for the District of Columbia,[4] *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp. 2d 111 (D.D.C. 2001), is inapt and should not be applied here.

The district court in *Judicial Watch* concluded that FOIA's ten-day time limit for responding to a request for expedited processing "in no way alters or repeals the time period for an agency's substantive determination of a request for records, which is 20 business days . . . ." *Id.* at 112-13. This holding should not be adopted because it conflicts with the very terms of the statute, which requires an agency to process an expedited request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii). FOIA thus provides that for a standard request, the agency must make a determination within twenty days, *id.* § 552(a)(6)(A)(i); but that for an expedited request, the agency must respond within ten days, *id.* § 552(a)(6)(E)(ii)(I), and must process the requested records "as soon as practicable," *id.* § 552(a)(6)(E)(iii). Courts in both this district and in the District of Columbia have recognized that, although "as soon as practicable" is undefined in FOIA, it presumably must provide for "processing *more quickly than would otherwise occur*." *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 37-39 (D.D.C. 2006) (quoting the legislative history); *see also ACLU v. Dep't of Defense*, 339 F. Supp. 2d 501, 503-04 (S.D.N.Y. 2004) (Hellerstein, J.). It thus cannot be correct to say that the expedited processing provision does not alter the standard time period for an agency's response.[5] For this reason alone, this

---

[4] Defendant incorrectly states that *Judicial Watch* is a decision of the D.C. Circuit. *See* Def.'s Mem. 9. It is a decision of the United States District Court for the District of Columbia.

[5] Moreover, the court in *Judicial Watch* based its decision in part on the incorrect assertion that the failure to exhaust administrative remedies was jurisdictional. *See Judicial Watch*, 160 F.

5

Court should decline to follow *Judicial Watch* – a non-controlling decision that does not appear to have been followed by any court outside its district in the six years since it was issued; that conflicts with the plain language of the statute; and that appears to have been rejected by later-decided decisions in its own as well as in this district. *See Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 37-39; *ACLU*, 339 F. Supp. 2d at 503-04.

Even assuming, *arguendo*, that the district court's reasoning in *Judicial Watch* applies here, OIG's April 30 letter is not a timely response – and therefore does not trigger an exhaustion requirement – because it failed to include any notification of LDF's right to an administrative appeal, as required by FOIA. *See* Ex. 4 (Letter from Hall to Colangelo of 4/30/07); 5 U.S.C. § 552(a)(6)(A)(i). An agency's failure to notify a requester of the right to appeal the agency's determination is itself a constructive exhaustion of any administrative review requirement. *See Ruotolo v. Dep't of Justice, Tax Div.*, 53 F.3d 4, 8-9 (2d Cir. 1995); *Nurse v. Sec'y of Air Force*, 231 F. Supp. 2d 323, 328 (D.D.C. 2002).

Finally, as noted, the exhaustion requirement in FOIA cases is a prudential requirement only, and is not jurisdictional. *DiModica*, 2006 WL 89947, at *3; *Megibow*, 2004 WL 1961951, at *3. Thus, even if Defendant is correct that LDF failed to exhaust administrative remedies as to the request for OIG records, this Court can and should proceed to the merits of the parties' dispute. It is uncontested that all other portions of LDF's FOIA request – those portions seeking HUD records *not* held by OIG – are properly before this Court and, indeed, are the subject of the May 10 Stipulation and Order establishing a schedule for the release of responsive records. Because the release of agency records as to four out of five categories of LDF's request is already the proper subject of judicial review, there would be no benefit to be gained by

---

Supp. 2d at 112. This Court has recognized that exhaustion is not jurisdictional in the FOIA context. *DiModica*, 2006 WL 89947, at *3; *Megibow*, 2004 WL 1961951, at *3.

6

mandating administrative review of the agency's adverse determination regarding the fifth category of records, even if LDF has failed to exhaust administrative remedies as to that category. This is especially true given that the agency's determination, if upheld on administrative review, will ultimately be judicially reviewable in this Court in any event. Further, requiring administrative review in this instance would frustrate the statutory goal of providing for expedited processing in cases of compelling need – a need that is certainly felt by displaced low-income families wondering when and how they will receive the housing assistance promised to them by Congress over a year ago.

## II. Defendant Has Not Met Its Burden of Proving the Applicability of Exemption Five to Responsive Records.

Defendant continues to withhold responsive documents and passages from the Audit Records, invoking FOIA Exemption Five and the deliberative process privilege.[6] *See* Def.'s Mem. 10; Decl. of J. Bryan Howell ¶¶ 12-15 ("Howell Decl."); Decl. of Darlene Hall ¶ 8 ("Hall Decl."). In order to withhold documents under the deliberative process privilege, an agency must demonstrate that the material is both predecisional and deliberative. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). Defendant bears the burden of justifying its nondisclosure through affidavits and supporting documents that adequately describe each withheld document, and that state the claimed exemption with sufficient specificity to permit a reasoned judgment as to whether the material is actually exempt. *See* Pl.'s Mem. 9-10.

LDF is entitled to summary judgment with regard to Defendant's improper withholding of the undisclosed and redacted Audit Records. Although Defendant has, in response to LDF's motion, now produced cursory *Vaughn* declarations, these declarations are, as a matter of law,

---

[6] In response to this motion, Defendant has disclosed the documents and redacted passages it had previously withheld from the Investigative Records pursuant to claimed Exemption Five. Those records therefore are no longer the subject of this motion.

7

inadequate to meet its burden of proving that Exemption Five applies to the documents that LDF seeks.

### A. Defendant Has Not Met Its Burden of Showing that Exemption Five Applies to the Undisclosed Audit Records.

Defendant's *Vaughn* declaration regarding the undisclosed Audit Records describes the withheld documents as two "draft report[s] of an audit entry meeting" (one of which contains "staff email comments"), and two sets of "proposed slides to be used in making internal presentations," all related to an audit of Louisiana's automated grant award process. Howell Decl. ¶ 14. The declaration states that the audit to which the documents relate is ongoing, and that the scope and focus of the audit are still in development. *See id.*

This declaration does not provide sufficient detail to enable the Court to determine the validity of Defendant's claim of deliberative process privilege. For example, certain of the withheld records relate to an "audit entry meeting," but the declaration does not explain what an audit entry meeting is or what role it might play in the audit process. Neither does the declaration provide any context with respect to the "proposed slides," except that they are used in internal presentations. *See id.* The declaration thus fails to provide information about the withheld records that sufficiently reveals "the role played by the documents," if any, in the claimed deliberative process. *Coastal States Gas Corp.*, 617 F.2d at 868. Rather, the declaration sets forth a blanket and conclusory statement that the documents are "predecisional and part of the deliberative process." Howell Decl. ¶ 14. Because the applicability of the privilege "depends on the content of each document and the role it plays in the decisionmaking process, an agency's affidavit must correlate facts in or about each withheld document with the elements of the privilege." *Judicial Watch, Inc. v. U.S. Postal Serv.,* 297 F. Supp. 2d 252, 259-60 (D.D.C. 2004); *see also Lee v. FDIC*, 923 F. Supp. 451, 456 (S.D.N.Y. 1996) (holding that the agency's

8

assertion that a document is deliberative or predecisional in nature, while "necessary to trigger potential application of the exemption, . . . is not sufficient to necessitate application of the exemption").

Moreover, Defendant's mere designation of documents as drafts "is not a sufficient reason to automatically exempt [those records] from disclosure." *Lee*, 923 F. Supp. at 458; *see also Arthur Andersen & Co. v. IRS*, 679 F.2d 254, 257-58 (D.C. Cir. 1982). Defendant has failed to make the required showing that the reasons for the existence of the deliberative process privilege have been implicated, namely, that disclosure would "inaccurately reflect or prematurely disclose" Defendant's position on an issue discussed therein, or that disclosure would inhibit "honest and frank communication within the agency." *Coastal States Gas Corp.*, 617 F.2d at 866.

### B. Defendant Has Not Met Its Burden of Showing that Exemption Five Applies to the Redacted Audit Records.

Defendant has also redacted portions of documents that it did disclose. *See* Pl.'s Mem. 13-15; *see also* Ex. 8 (First Excerpt from Audit Records); Ex. 9 (Second Excerpt from Audit Records). Defendant's *Vaughn* declaration regarding these redactions asserts that the redacted passages – all of which are contained in sections titled "Concerns" in the above-cited analyses – reflect the thoughts and mental impressions of OIG staff, and that the redacted information "is not tied directly to any particular OIG audit or activity, but is a planning, discussion, and discernment tool for internal use only." Howell Decl. ¶ 13.

This explanation is insufficient to meet Defendant's burden of showing that the withheld materials are both predecisional and deliberative, as it wholly fails to illuminate the decisionmaking process to which the redacted portions relate. *See Senate of Puerto Rico v. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987) ("[T]o approve exemption of a document as

predecisional, a court must be able 'to pinpoint an agency decision or policy to which the document contributed.'") (quoting *Paisley v. CIA*, 712 F.2d 686, 698 (D.C. Cir. 1981)). Documents produced as part of an ongoing audit process cannot be considered predecisional absent some showing that an agency policy was being considered. *See* Pl.'s Mem. 16; *Coastal States Gas Corp.*, 617 F.2d at 868. No such showing has been made here – to the contrary, by Defendant's own cursory explanation, the redacted passages identify concerns about the *state grantees'* policies, not about Defendant's. *See Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992) ("[W]hen material could not reasonably be said to reveal an agency's or official's mode of formulating or exercising policy-implicating judgment, the deliberative process privilege is inapplicable.").

Because Defendant's newly submitted *Vaughn* declarations fail to meet its burden of demonstrating that the withheld and redacted records are exempt under the deliberative process privilege, the Court should grant LDF's motion and order the disclosure of the withheld records.[7]

## CONCLUSION

For the foregoing reasons, Plaintiff LDF respectfully requests that this Court grant its motion for partial summary judgment, deny Defendant's cross-motion for partial summary judgment, and order Defendant to release the documents it has withheld.

---

[7] Finally, Defendant asserts that LDF does not challenge the adequacy of Defendant's search for records. Def.'s Mem. 17. This assertion is incorrect. LDF's initial memorandum notes that because LDF has no understanding of what is contained in the withheld records, it is unable yet to determine whether Defendant's search was adequate or inadequate. *See* Pl.'s Mem. 8 n.4.

Dated: August 23, 2007  
New York, NY

Respectfully submitted,

Theodore M. Shaw, Director-Counsel

_____  
Matthew Colangelo (MC-1746)  
Robert H. Stroup  
Damon Hewitt  
NAACP LEGAL DEFENSE AND  
  EDUCATIONAL FUND, INC.  
99 Hudson Street, 16th Floor  
New York, New York 10013  
(212) 965-2200

Lawrence S. Lustberg (LL-1644)  
Melanca D. Clark (MC-0908)  
GIBBONS, P.C.  
One Gateway Center  
Newark, New Jersey 07102-5310  
(973) 596-4500

Attorneys for Plaintiff