UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.,

                Plaintiff,　　　　　　　　07 Civ. 3378 (GEL)

           v.　　　　　　　　　　　　ECF CASE

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,

                Defendant.
------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York  10007
Telephone: (212) 637-2758
Fax: (212) 637-2702

LARA K. ESHKENAZI
Assistant United States Attorney
    – Of Counsel–

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      PLAINTIFF FAILED TO PROPERLY EXHAUST ITS
        ADMINISTRATIVE REMEDIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     PLAINTIFF HAS FAILED TO REBUT OIG'S DECLARATIONS
        SUPPORTING THE WITHHOLDING OF CERTAIN RECORDS
        IN WHOLE OR IN PART PURSUANT TO FOIA EXEMPTION 5. . . . . . . . . . . . . . . . 5

III.    PLAINTIFF HAS FAILED TO REBUT OIG'S SHOWING THAT IT
        HAS CONDUCTED AN ADEQUATE SEARCH FOR RESPONSIVE
        RECORDS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**PRELIMINARY STATEMENT**

Defendant United States Department of Housing and Urban Development ("HUD" or the "Government"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in further support of the Government's cross-motion for partial summary judgment dismissing in part the FOIA complaint filed by plaintiff, NAACP Legal Defense and Educational Fund, Inc. ("LDF" or "plaintiff").

In opposition to the Government's motion, LDF offers no explanation for its failure to comply with regulations governing FOIA requests for records maintained by HUD's Office of the Inspector General ("OIG") and for failing to exhaust its administrative remedies. LDF also fails to cite any cases holding that an agency's failure to respond to a request for expedited processing is akin to constructive exhaustion for purposes of a challenge to the substantive FOIA response. Finally, LDF has submitted no evidence to rebut OIG's showing that (a) it conducted an adequate search for responsive documents, and (b) it properly withheld ceratin information pursuant to applicable FOIA exemptions.

**ARGUMENT**

**I. PLAINTIFF FAILED TO PROPERLY EXHAUST ITS ADMINISTRATIVE REMEDIES**

Conceding that it filed its complaint in this action prior to the expiration of the Government's twenty-day time period for responding to a FOIA request set forth in 5 U.S.C. § 552(a)(6)(A), LDF nevertheless insists that it properly exhausted its administrative remedies because OIG did not respond to LDF's request for expedited processing within ten days. See Plaintiff's Reply Memorandum of Law Supporting Its Motion for Partial Summary Judgment ("Pl's Opp.") at 4-6.

Plaintiff fails to cite a single case holding that a FOIA requester has constructively exhausted his or her administrative remedies if the agency fails to respond to the request for expedited processing within ten days, but fully responds to the FOIA request within twenty days. See id.  In neither of the cases cited by plaintiff, see Pl's Opp. at 5, did the FOIA requester file an action in district court prior to the expiration of the twenty-day time limit.  Rather, in Elec. Privacy Info. Ctr. v. Dep't of Justice, 416 F. Supp. 2d 30, 39 (D.D.C. 2006), the court held that an agency that violates the twenty-day time limit "presumptively also fails to process an expedited request as soon as practicable." (internal quotation marks omitted).  Here, as plaintiff admits, OIG did not violate the twenty-day time limit.  Similarly, in ACLU v. Dep't of Defense, 339 F. Supp. 2d 501, 504-05 (S.D.N.Y. 2004), the court required the agency to respond to FOIA request by a date certain after the agency failed to respond within a year of receiving the request. Again, those facts are simply not present here.

Moreover, as set forth in the Government's moving papers, the only court to address the precise issue presented in this case rejected the position advanced by plaintiff.  See Judicial Watch v. U.S. Naval Observatory, 160 F. Supp. 2d 111, 112-13 (D.D.C. 2001).[1]  Contrary to plaintiff's suggestion, see Pl's Opp. at 5 (citing 5 U.S.C. § 552(a)(6)(e)(iii)), the holding of Judicial Watch does not conflict with the FOIA statute's requirement that an agency respond to a request for expedited processing "as soon as practicable."  Specifically, the statute requires the agency to determine whether it will grant the request for expedited processing within ten days, 5

---

[1] As plaintiff points out in its opposition brief, see Pl's Opp. at 5 n.4., the Government mistakenly referred to Judicial Watch as a "D.C. Circuit" court case rather than as a D.C. district court case in its moving papers.  The Government's mistake was inadvertent and not intended to mislead the Court.

U.S.C. § 552(a)(6)(E)(ii)(I), and if granted, to process such records "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii). "As soon as practicable" is not defined in the statute, and nothing in the statute requires, or even suggests, that an agency must provide records responsive to an expedited processing request before twenty days from the date the agency receives the request. Thus, while the decision to deny a request for expedited processing and the failure to respond "as soon as practicable" are subject to judicial review, 5 U.S.C. § 552(a)(6)(E)(iii), the plain language of the statute does not support plaintiff's interpretation that a FOIA requester has constructively exhausted its remedies for purposes of challenging the substance of an agency's response prior to the expiration of the twenty-day time frame set forth in 5 U.S.C. § 552(a)(6)(A). Accordingly, the decision in Judicial Watch is entirely consistent with the FOIA statute. Indeed, if the Court accepts plaintiff's interpretation of the statute – that filing a request for expedited processing automatically reduces the amount of time that an agency has to substantively respond to a FOIA request to ten days – any FOIA requester would be able to reduce the statute's twenty-day constructive exhaustion time frame to ten days merely by filing an unwarranted request for expedited processing. There is no support in the either the statute or case law for such a result.

In any event, OIG responded to the request "as soon as practicable." Indeed, within twenty days of receiving LDF's request, OIG did more than inform LDF of its decision to comply with the request (as required under FOIA), but, in fact, fully responded to the request. See Declaration of Darlene Hall, dated August 15, 2007 ("Hall Decl."), Exh. B. When LDF subsequently clarified its vague request for "studies," on June 11, 2007, OIG once again timely responded by releasing responsive documents on June 29, 2007. Hall Decl., Exhs E & F.

Plaintiff's reliance on DiModica v. U.S. Dep't of Justice, Civ. No. 05-2165 (GEL), 2006

3

WL 89947 (S.D.N.Y. Jan. 11, 2006), in support of its argument that LDF had exhasuted its administrative remedies at the time the complaint was filed because OIG had not responded to the request until after this action was filed, see Pl's Opp. at 4, is misplaced. In DiModica, the agency responded to the FOIA request after the twenty-day time limit had passed. DiModica, 2006 WL 89947, at *3 (noting that FOIA requester filed district court action four months after sending his FOIA request to the agency and one month before the agency responded to the request). Here, at the time LDF filed its district court complaint, the twenty-day time frame had not yet expired.

In addition, plaintiff's claim that it did not have to administratively exhaust its remedies because OIG's initial response on April 30, 2007 did not include a notification of LDF's right to appeal, see Pl's Opp. at 6, ignores OIG's regulation, which only allow for administrative review if a portion of the request was denied. 24 C.F.R. § 2002.25(a) (administrative "[r]eview is available only from a written denial of a request"). Because OIG did not deny any portion of the request in its April 30, 2007 response, plaintiff could not seek administrative review of OIG's response, and therefore, a notice referencing a right to seek administrative review would have been inappropriate. Consistent with its regulations, OIG properly included a notice regarding plaintiff's right to seek review in its June 29, 2007 letter in which it denied a portion of the request. Hall Decl., Exh. F.

Finally, while the exhaustion requirements are not jurisdictional, they should not be completely disregarded as plaintiff appears to suggest. See Pl's Opp. at 7. The facts of this case compel dismissal due to plaintiff's blatant disregard for OIG's regulations for two reasons. First, this case does not involve a *pro se* plaintiff incapable of deciphering agency regulations. On the

4

contrary, the plaintiff in this case is a sophisticated entity represented by extremely competent counsel.  Second, and more significantly, despite the fact that OIG did not grant or deny plaintiff's expedited processing request within ten days, OIG provided responsive records "as soon as practicable."  This is not a case in which court intervention is necessary to compel an agency to respond to a FOIA request.  The only delay in processing the OIG request was caused by plaintiff's admitted failure to follow OIG's regulations and to address its request to the appropriate office.  See Pl's Opp. at 2.  Thus, there is simply no reason for the Court to excuse plaintiff's failure to comply with the administrative exhaustion requirements of the FOIA statute and OIG regulations.[2]

## II.  PLAINTIFF HAS FAILED TO REBUT OIG'S DECLARATIONS SUPPORTING THE WITHHOLDING OF CERTAIN RECORDS IN WHOLE OR IN PART PURSUANT TO FOIA EXEMPTION 5

Plaintiff claims that the Declaration of J. Bryan Howell, dated August 16, 2007 ("Howell Decl."), is insufficiently detailed to support the withholding in full of draft documents pursuant to the deliberative process privilege encompassed by FOIA Exemption 5 (5 U.S.C. § 552(b)(5)). Pl's Opp. at 8-9.  Plaintiff further argues that OIG improperly redacted information identifying "concerns about the state grantees' policies, not about [OIG's]."  Pl's Opp. at 10 (emphasis omitted).  Plaintiff is incorrect.

---

[2] Plaintiff's argument that the Court should ignore the exhaustion requirements in this case because "the agency's determination, if upheld on administrative review, will ultimately be judicially reviewable in this Court," see Pl's Opp. at 7, is unavailing.  As the Government pointed out in its moving papers, the D.C. Circuit has held the failure to seek administrative review bars any judicial review once the time for filing an administrative appeal has passed. Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 65 (D.C. Cir. 1990); Spannaus v. U.S. Dep't of Justice, 824 F.2d 52 (D.C. Cir. 1987) (statutory right to sue might be entirely cut off if the requester never administratively appeals the denial).

The information contained in the Howell Declaration is more than sufficient to support OIG's decision to withhold draft audit-related documents pursuant to Exemption 5. The Howell Declaration explicitly describes the withheld audit records as documents relating to an "ongoing audit" of which "the scope and focus are still in development and . . . subject to discussion, review by Headquarters, amendment, modification, or abandonment." Howell Decl. ¶ 14. The withheld records also include a draft audit report, which Howell specifies as being "generated for discussion purposes only," and e-mails discussing the draft audit report. Id. ¶ 15. Thus, the Howell Declaration is "reasonably detailed" and sufficiently "describe[s] the documents or classes of documents withheld and explain why they fall within an applicable exemption." See Carney v. U.S. Dep't of Justice, 19 F.3d 807, 813 (2d Cir. 1994). No further information is necessary for the Court to conclude that the withheld information reflect "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 482 (2d Cir. 1999) (internal quotation marks and citations omitted).

Regarding the redacted records, contrary to plaintiff's argument, the documents do not merely relate to the state grantees' policies, see Pl's Opp. at 10, but concern OIG's decisions regarding further inquiries, such as audits or further investigations. Howell Decl. ¶¶ 3, 13. As the Howell Declaration explains, the subject documents are "Status Report documents from preliminary internal OIG audit reviews of proposed revisions by the State of Louisiana to its required action plan." Howell Decl. ¶ 13. The redacted portions of the reports are the sections entitled "concerns" which "reflect the thoughts, mental impressions *and areas for possible further OIG inquiry* as expressed in meetings among OIG audit staff." Id. (emphasis added).

Thus, the redacted information is protected from disclosure by the deliberative process privilege because it relates to OIG's decision-making process regarding whether to conduct further inquiries into Louisiana's action plan.

### III. PLAINTIFF HAS FAILED TO REBUT OIG'S SHOWING THAT IT HAS CONDUCTED AN ADEQUATE SEARCH FOR RESPONSIVE RECORDS

In response to OIG's claim that plaintiff has not challenged the adequacy of OIG's search for responsive records, plaintiff offers the cryptic statement "that because LDF has no understanding of what is contained in the withheld records, it is unable yet to determine whether [OIG's] search was adequate or inadequate." Pl's Opp. at 10 n.7. OIG has provided the declaration of Darlene Hall, dated August 15, 2007, describing OIG's search for records in response to plaintiff's FOIA request. Moreover, OIG has more than sufficiently described the withheld records. See Howell Decl. ¶¶ 13-19, Exhs. A & B. Plaintiff has had a full opportunity to challenge the search as being inadequate and has chosen not to do so. Accordingly, for the reasons stated in the Government's moving papers, the Court should find that the Government has met its burden of demonstrating that it conducted an adequate search for responsive records.

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in the Government's moving papers, the Court should deny plaintiff's motion for partial summary judgment and grant the Government's cross-motion for partial summary judgment.

Dated: New York, New York
September 10, 2007

                                        MICHAEL J. GARCIA
                                      United States Attorney for the
                                      Southern District of New York

By:    /s/ Lara K. Eshkenazi
        LARA K. ESHKENAZI
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel: (212) 637-2658